### CARLIN vs. PAUL.

The owner of a block in a city, having made partition of the same among several persons, and in each deed made an alley running through the block the boundary of the lots, each proprietor becomes entitled to a private right of way in the alley, and to an action for its disturbance.

T. POLK, *for Plaintiff in error.*

PRIMM & WHITTELSEY, *for Defendants in error.*

NAPTON, J., *delivered the opinion of the Court.*

This was an action on the case for a disturbance of a right of way in an alley in the city of St. Louis. The declaration contained two counts; the one alleging a private right of way in the plaintiff, and the other averring that the alley was a public highway. The case went to trial upon the general issue, and it was agreed that, in case of a recovery, the plaintiff should have only nominal damages—such damages to be considered both special and general.

It appeared that Madame Therese Cerre Chouteau formerly owned the entire block, through which the supposed alley extended, and that shortly before her death, she caused a plat to be made of this block, for the purpose of partitioning it off among her children, upon which plat the alley was laid off. She accordingly executed conveyances of different portions of this block, and in all of the deeds, this alley, which was twenty feet wide, was called for as the boundary of the lots. The alley extended from Walnut street, through the centre of the entire block, until it reached the lot of ground belonging to the estate of the late Samuel Perry. It seems that Auguste Chouteau, the husband of said Therese, had, several years before this partition was made, for the purpose

of widening Main street, thrown off from the east side of the block eight and one-fourth feet; but that the plat used by Madame Chouteau in laying off the alley represented the block as it was originally, and the alley was located in the centre of the block, without reference to this diminution on the side of Main street. The deeds were drawn in conformity to the plat, and consequently the deeds conveying the lots on the east half of the block called for eight and one-fourth feet more in depth than the lots actually were, assuming the alley to be twenty feet wide, located as in the plat. The plaintiff was the owner of one of the lots in the west half of the block, and the defendant the owner of a lot on the opposite side of the alley, fronting on Main and Walnut streets. This alley had been, previously to the commencement of this suit, opened and paved at the expense of the proprietors of the lots adjoining it. The defendant had extended his buildings fronting on Walnut street about ten feet across the said alley. Upon these facts, the Circuit Court was of opinion that the plaintiff could not recover. A nonsuit was taken, and the cause brought to this Court by writ of error.

Upon the facts stated, we entertain no doubt that the plaintiff had a right of way in the alley. The original proprietor of the block having subdivided it into small lots, and having conveyed all these lots with reference to the alley laid out through the centre of the block, all the proprietors deriving title from the same source are estopped from denying the existence of the easement. It is implied from the grant.

The call for eight feet and a fraction over the actual depth of the lots in the east half of the block is explained by the mistake in making the deeds with reference to the original plats, made before a portion of the block on the east side had been thrown into Main street. This call for a distance in the defendant's deed, and in all the other deeds of the proprietors of adjoining lots, cannot control the call for the alley as the western line of the lots.

Nor should we entertain any doubt that Madame Chouteau had dedicated this alley to the public use, were it not for our act of Assembly in reference to plats of towns and villages. A dedication has been said to be the act of giving property in such manner as to conclude the owner. No particular length of user is necessary to constitute a dedication to public uses, though where the acts of the owner are in other respects not unequivocal in their character, this circumstance has a material influence in determining the character and extent of these acts. The effect of a dedication is not to deprive the owner of title, but to estop him from asserting that right of exclusive possession and enjoyment which

3

an owner of land ordinarily has. There can be no doubt that the acts of Madame Chouteau, as specified in the case stated, sufficiently evince an intention on her part to dedicate this alley to the use of the public; but as there was no compliance with the requisitions of our statute on this subject, it may be questioned whether this intention was effected.— It does not seem material to the plaintiff's rights, whether the right of way be considered as a private one, and confined to the proprietors of the lots in this block, or is a public easement. In either view of the subject, he was entitled to recover. We shall not, therefore, undertake to give any opinion on the question relating to the public rights in this alley.

The other Judges concurring, the judgment is reversed.