WILLIAM DAWSON,

*vs.*

THE ST. PAUL FIRE AND MARINE INS. CO.

An injunction will not be allowed at the suit of a private person, to remove or prevent obstructions in a public street or highway, when it does not appear that such person suffers or will suffer any special and peculiar damage in consequence of such obstructions.

Where a conveyance of land calls for a street as a boundary of the land conveyed, the general rule is that if the grantor be the owner of the strip so called a street, he is estopped as against his grantee to deny that it is a street, and a right of way over the same passes to the grantee by implication of law. This implication of law rests upon the fact that the grantor has bounded, abutted, or fronted the premises conveyed upon the street. It is also the general rule that if the premises conveyed are divided, the right of way passes to each portion into whosesoever hands it may come, but only so far as applicable to such portion. Where A conveys to B a tract of land bounding the same upon a strip of land called a street in the conveyance, of which strip A is owner, and B subsequently conveys to C a portion of such tract which does not abut upon such strip, and C has no right of way over the portion retained by B either by express grant or by necessity, the right of way over such strip is not applicable to the parcel conveyed to C. If prior to and at the time of his conveyance to B, A exhibits to B a map of the premises conveyed, upon which said strip is designated as a street, and B in making his purchase relies upon the representation upon the map that the strip is a street, quære, whether the simple exhibition of the map without any reference to it in the deed would confer a right of way over said strip. But if it would confer such right of way, the representation to be implied

from the exhibition of the map, and the right of way to be implied, would be substantially the same as are implied from the call of a deed bounding premises conveyed upon a so-called street, and the applicability of the right of way to any portion of the land conveyed, would depend upon the same principles as before stated.

This action was brought in the district court for Ramsey county. A general demurrer to the complaint was interposed, which was overruled by the court below, and the defendant appeals to this court. The case is fully stated in the opinion of the court.

BRISBIN & PALMER, and H. J. HORN for Appellants.

GEO. L. OTIS and I. V. D. HEARD for Respondent.

*By the Court*—BERRY, J.—This is an appeal from an order overruling a demurrer to the complaint. The complaint alleges that the defendants have entered into possession of a certain strip of land situate in St. Paul, called St. Charles street; have excavated and are now engaged in excavating the soil thereof, and are erecting and threatening to continue to erect, a stone building thereupon, which will occupy the northerly one hundred feet of said strip, and prevent travel thereon. The prayer of the complaint is, that the defendants may be adjudged to restore said strip of land to the condition in which it was before they intermeddled therewith, and that they may be enjoined from proceeding with the excavation and with the erection of the proposed building. This relief is asked upon two grounds. First: because as is alleged in the complaint, St. Charles street is a public street and highway, which the plaintiff, as a citizen of St. Paul, and a property holder therein, is entitled to use, pass over, and have kept open as a street. No damage special and peculiar to the plaintiff is alleged to have ac-

crued from the acts of the defendants, nor to be likely to accrue from the future prosecution or the completion of the work complained of. Neither does it appear that the plaintiff is the owner of, or in the occupation of any premises fronting upon and adjacent to said so-called St. Charles street, from which fact, according to some of the cases, special and peculiar damages, (though nominal in amount) might be inferred. *Haynes vs. Thomas*, 7 *Indiana*, 38. *Tate vs. Ohio and Mississippi R. R. Co.*, *Ib.*, 483. *Carlin vs. Paul*, 11 *Mo.*, 32. *Bingham vs. Doane*, 9 *Ohio*, 165. *Schurmeier vs. St. P. and P. R. R. Co.*, 10 *Minn.*, 105. Upon this state of facts, the plaintiff does not show himself entitled to the relief prayed for, so far as his prayer is based upon the theory that St. Charles street is a public street or highway. Where no peculiar and special damage is sustained by a private person in consequence of the obstruction of a public highway, which obstruction is a public nuisance, the remedy is only by indictment, or perhaps by suit in the name of the State or of some one authorized to act for and vindicate the rights of the public. *Stetson vs. Faxon*, 19 *Pick.*, 154. *President and Fellows of Harvard College vs. Stearns*, 15 *Gray*, 6. *Lansing vs. Smith*, 8 *Cowen*, 146. *Fort Plain Bridge Co. vs. Smith*, 30 *N. Y.*, 62. *Carpenter vs. Mann*, 17 *Wis.*, 155. *Washburn on Easements* (569.) Nor in such cases, will an injunction be granted at the suit of a private person. *Washburn on Easements* (577.) *Brainard vs. Conn. R. R. Co.*, 7 *Cushing*, 506. *Hartshorn vs. South Reading*, 3 *Allen*, 501.

The other ground upon which the relief prayed for in the complaint is asked, is, that plaintiff is entitled to a private way over the so called St. Charles street. The facts upon which this claim of a private way is based as set up in the complaint, are as follows: On the 13th day of January,

1849, Louis Roberts being the owner of certain lots of land conveyed a portion thereof to Henry Jackson.. The description and situation of the portion so conveyed, will appear from the following diagram, which will· be sufficiently accurate for the purposes of this opinion. All the land exhibited on the diagram, and lying between Third and Bench streets, including the strip marked St. Charles street, was conveyed to Jackson, except the part marked "Hopkins' Lot:"

On the 19th day of January, 1849, Jackson conveyed the part marked "Cavalier lot" to one Charles Cavalier, and in the deed to Cavalier the part so conveyed is described as follows, viz : "The following piece or parcel of land, &c, &c., known and designated as follows, viz : fronting on St. Charles street fifty feet, and {bounded on the north by the line of Daniel Hopkins, one hundred feet ; south by the line of Henry Jackson, one hundred feet, and west by the land of said Henry Jackson, fifty feet, the said lot being fifty feet in front, and one hundred feet in depth." On the 22d day of January, 1849, and on the 21st day of January, 1850, Jackson conveyed to Franklin Steele all the land mapped on the foregoing diagram, and lying on the east and west sides of St. Charles street, except the two lots designated as the Hopkins lot and Cavalier lot. On the 16th day of August, 1851, Steele conveyed the tract marked on the diagram as the Mahoney lot to Jeremiah Mahoney, and on the 13th of June, 1860, Mahoney conveyed the same to the plaintiff. The deeds from Jackson to Cavalier, from Jackson to Steele, from Steele to Mahoney, and from Mahoney to the plaintiff, all refer to and mention Saint Charles street, either as a boundary, or as a starting point from which distances are reckoned ; and the premises conveyed by each of said deeds are conveyed with all the privileges and appurtenances to the same belonging. The complaint also alleges that through sundry mesne conveyances, the plaintiff has become, and is the owner of a portion of the tract conveyed as aforesaid to Cavalier, and of a portion (other than the Mahoney lot) of the tract conveyed to Steele as aforesaid, with all the privileges and appurtenances to such portion belonging ; but no particular description of either of such portions is given in the complaint, nor does it appear whether or not they front on or adjoin Saint Charles street. The complaint further alleges

that Saint Charles street was on the 18th day of January, 1849, and prior thereto, and ever since has been, and is, a strip of land thirty-five feet in width, and three hundred and thirty feet in length, extending from Third street to Bench street, then and ever since, and now, two public streets in the city of Saint Paul, in said county, and that said Henry Jackson was the owner of the fee in said strip from the time of the said conveyance to him by Louis Roberts, until the year 1856, and that said strip of land was at the time of said conveyance and prior and subsequent thereto, and at the time of the conveyance to Cavalier, hereafter referred to, used and styled by the public and said Jackson, as a street, and that said Jackson prior to said purchase by said Steele, and at said purchase, exhibited to said Steele, a plat of said block 31, which said plat exhibited and showed said strip of land to be a street, and that said Steele in making said purchase relied upon the representation on said map that said strip of land was a street, and that this plaintiff when he purchased the said parcel of land from said Mahoney, and the other parcels of land of which he claims to be the owner as aforesaid, "believed that said strip of land was a public street, and relied on such belief in paying to said Mahoney and the parties from whom plaintiff purchased" the other parcels "the purchase money therefor." The plaintiff's claim of a private way is stated in these words, viz: "The complaint further shows that under and by virtue of said conveyances the plaintiff became seized and entitled to a right of way over said Saint Charles street, as an appurtenance and privilege belonging to said grants and that he is now so entitled, and that by said conveyances said strip of land was a street as to this plaintiff."

From the plaintiff's brief we gather that the claim to a private way over St. Charles street is placed upon two

grounds—*First*, that the references in the deeds from Jackson to Cavalier, and to Steele, to St. Charles street as a boundary, gave to Cavalier and Steele and their assigns a right of way over the same by implication or estoppel, and that the plaintiff who derives title from Cavalier and Steele to a portion of the land conveyed to them by Jackson, takes such right of way as appurtenant thereto.

So far as this position is concerned, the claim to the right of way rests upon the fact that the land conveyed to Cavalier and Steele of which the plaintiff's premises are parcel, abuts or fronts upon St. Charles street. And the general doctrine is that under such a state of facts, and in the absence of qualifying circumstances, a grantor, if he be the owner of the so called street, is estopped as against his grantee to deny that it is a street, and a right of way over the same passes to· his grantee by implication of law. *O'Linda vs. Lathrop*, 21 *Pick*. 292. But this implication of law rests upon the fact that the grantor has bounded, abutted or fronted the premises conveyed upon the street. It is also true as a general proposition, that if the premises to which the right of way attached are divided, the right of way passes to each portion into whosesoever hands it may come but only so far as applicable to such portion. *Hills vs. Miller*, 3 *Paige*, 256-7. See also *Washburn on Easements*, (182.) This rule is stated more broadly in *Watson vs. Bioren*, 1 *Sergt. & Rawle*, 227, and in *Underwood. vs. Carney*, 1 *Cushing* 285, cases cited by plaintiff, but in both the right of way was claimed in connection with premises abutting upon the way. Such was also the fact in *Huttemeier vs. Albro*, 2 *Bosworth* 546, *and* 18 *N. Y.* 48; and in *Whitney vs. Lee*, 1 *Allen* 198. Now what are the facts in the case at bar? It does not appear that any portion of the plaintiff's premises abuts upon St. Charles street, and cer-

tainly it is for the plaintiff to aver that fact if his right depends upon it. It further appears that a portion of his premises fronts upon a public street called Third street, and it does not appear that every portion of his premises is not accessible from Third street. It follows that there is nothing to show that he has any way of necessity over those portions of the land of Cavalier and Steele not conveyed to him, for a way of necessity is a way of strict necessity. *Washburn on Easements*, (164). *McDonald vs. Lindall*, 3 *Rawle* 492; *Gayetty vs. Bethune*, 14 *Mass.* 49; *Leonard vs. Leonard*, 2 *Allen* 543; *Nichols vs. Luce*, 24 *Pick.* 102. How then, can it be said that the right of way over St. Charles street which passed to Cavalier and Steele is in any degree applicable to the premises of the plaintiff? The right of Cavalier and Steele arose from the fact that the lands conveyed to them fronted upon St. Charles street. And their right was a right to pass and repass over the way to and from and over and upon the front of their lands. And if either by express grant from Cavalier and Steele, or by such a grant as the law implies from the necessity of the case, the plaintiff had acquired the right to pass and repass over the land of Cavalier and Steele not conveyed to him in order to reach St. Charles street in going to and from his premises, then he might contend with great force of argument that he was entitled to a right of way over St. Charles street. But upon the facts stated in the complaint it does not appear that there was any such grant either express or implied, so that the plaintiff's premises are cut off from St. Charles street by an intervening tract of land which excludes him from any beneficial participation in the right of way. In other words, the right of way is not applicable to the plaintiff's portion of the land conveyed to Cavalier and Steele. The case seems to us to stand upon the same foot-

ing as if Jackson had conveyed the plaintiff's premises to him without any express grant or grant implied from necessity of a right of way over St. Charles street, and had subsequently conveyed to Cavalier and Steele all that he did convey to them, plaintiff's premises excepted. It would hardly be contended in the case supposed that the plaintiff would acquire any private right of way in St. Charles street. Upon the whole, then, we are of opinion that the plaintiff, so far as the complaint discloses the situation of his premises, did not acquire any right of way over St. Charles street, under the references to the same in the deeds to Cavalier and Steele, and the other conveyances before spoken of.

The other ground upon which the plaintiff claims the right of private way, is taken upon the facts stated in the following extract from the complaint, viz: "that said Jackson prior to said purchase by said Steele and at said purchase exhibited to said Steele a plat of said block 31, which said plat exhibited and showed said strip of land to be a street and that said Steele in making said purchase, relied upon the representations on said map that said strip of land was a street, &c." Block 31 appears to have embraced all the land represented on the foregoing diagram west of St. Charles street. We do not perceive that this ground of claim is to be distinguished in principle, or in any essential substantial respect from the first.

If the exhibition of the map and Steele's reliance upon it are of importance, it is because such exhibition was a material representation, the truth of which, good faith estops Jackson and those claiming under him to deny. If St. Charles street was in fact a public street, then as we have already seen, it is not for the plaintiff upon the facts appearing in this case, to complain of its obstruction. The plaintiff's contention is, however, that the effect of the exhibition

Dawson v. St. Paul Fire and Marine Ins. Co.

of the map was to confer upon Steele and those claiming under him a private right of way over St. Charles street. Whether this result would follow from the simple exhibition of a plat or map to which no reference was made in the deed of conveyance is by no means altogether clear. *See Squire vs. Campbell, 1 Mylne and Craig, 459 and 478.* But admitting that such would be the effect of a simple exhibition of the plat it seems to us that the representation to be implied would be substantially the same as that inferred from the call of a deed bounding the premises conveyed upon a street. That is to say, it would be a representation that the premises conveyed abutted or fronted upon a strip of land over which the grantee and those claiming under him would have a right of way—a right arising from the frontage, and in all respects resembling the right which we have before endeavored to define in considering the effect of the language of the deeds to Cavalier and Steele.

The case of *Wyman vs. Mayor of New York, 11 Wend.,* 487, cited by plaintiff and referred to in *Wilder vs. St. Paul, 12 Minn.,* 203, is to be distinguished from the case at bar, because it was a case in which *lots* were conveyed *according to a map,* either by the express terms of the conveyance or by an implication of law in reference to streets in the city of New York.

It is also to be observed that a somewhat peculiar legal character is impressed by statute upon streets in a large portion of that city. *Matter of 17th street, 1 Wend.* 270. *Matter of Lewis street, 2 Wend.,* 475.

For these reasons we are of opinion that the complaint does not state facts entitling the plaintiff to the relief sought, and the order overruling the demurrer is accordingly reversed.