DEVORE v. ELLIS ET AL.

1. **Easement**: PRIVATE WAY TO HIGHWAY: INJUNCTION TO RESTRAIN OBSTRUCTION OF. Upon consideration of all the facts in this case, (see opinion,) where plaintiff had purchased a private way from his farm to the highway, *held* that he was entitled to have the way kept open, and that defendants, the owners of the adjoining lands, should be restrained from maintaining a fence and gate across the way where it enters the highway.

*Appeal from Harrison District Court.*

THURSDAY, DECEMBER 13.

ACTION in chancery to restrain defendants from interfering with and obstructing a private way granted plaintiff. Upon a trial upon the merits, plaintiff's petition was dismissed. He now appeals to this court.

*L. R. Bolter & Sons*, for appellant.

*M. I. Bailey* and *H. H. Roadifer*, for appellees.

BECK, J.—I. The plaintiff acquired by purchase, in 1876, a private way leading from his farm to a highway. At that time there was a fence along the west line of the way, which divided the land of the grantor of the easement from the property of an adjoining proprietor. By the terms of the written contract under which plaintiff acquired the right of way, he is required to erect and maintain a fence along the east line of the way, which he has done. The original grantor of the right conveyed the land upon which the way is located to one of the defendants, who had full notice of plaintiff's rights in the easement. Plaintiff has been in the possession and enjoyment of the way since the execution of the instrument by which this grant was made. The owner of the land and the adjoining proprietor on the west constructed a fence and gate across the way upon the line of the

public highway, and claims the right to maintain them. Plaintiff denies this claim, and insists that he is entitled to an open way, and brings this action to enforce his right thereto, and to restrain defendants from interfering therewith. We are required to determine whether, under the grant of the easement and the facts of the case, defendants have the right to maintain the gate and fences across the way.

II.   The writing granting to plaintiff the easement, as we have stated, obligates plaintiff to maintain a fence between the way and the land of the grantor.   It cannot be supposed that it was not the purpose of the parties to have the way inclosed on that side.   On the other side there was at the time a fence upon the division line of the lands of the grantor of the easement and the adjoining proprietor.   These facts clearly indicate the intention of the parties that the way should be fenced.   There is no reservation in the writing of a right to erect and maintain a fence and gate across the way. We cannot presume that such right was reserved.   Indeed, we are required rather to presume that plaintiff in purchasing the way acquired the right at his option to keep it open. As it was granted for his use and convenience alone, he ought to have the right, if he so required and demanded, to use it free from all obstructions.

III. · But it is insisted that, as before plaintiff purchased the easement the adjacent lands were inclosed in common, it was the purpose of the parties that they should continue in that condition.   We draw the contrary conclusion from the facts, and think that the existence of a fence on one side of the way, and plaintiff's covenant to erect and maintain a fence on the other, which he performed, establishes the purpose of the parties to maintain a fenced and open way. · It surely cannot be claimed that it was not their purpose to provide for fences along the way.   The existence of a fenced lane for the exclusive use of plaintiff implies his right to require it be kept open.

IV.   But it is urged that the fence of the adjoining pro·

prietor was and has continued to be in a bad condition, being not sufficient to turn stock. We think this fact does not affect plaintiff's rights. The fence was not in existence when he purchased the easement, and it is not shown that he is under any obligation to keep it in repair. He entered into the contract for the right of way in view of the existence of the fence, and he ought not to be deprived of any rights he acquired by the failure to keep the fence up.

V. It is also claimed that the fence built by plaintiff is not sufficient. The preponderance of the evidence does not support this position. We think it is not shown that plaintiff has so failed to keep it in good repair that he has forfeited his rights under the grant of the way.

VI. During a part of the time that has intervened since the grant of the way, plaintiff has kept a gate across it. This he did for the reason that he had rented and was cultivating the land of the adjoining proprietor, and his convenience did not require him to keep the lane open. It does not appear that any complaint on account of the gate was made by defendants or others, if, indeed, they had a right to complain. When he ceased to cultivate the rented land he removed the gate. We think he forfeited no rights by erecting the gate, and no inference can be drawn therefrom that he did not regard the grant as securing to him an open way.

VII. The preponderance of the evidence shows that, immediately after the purchase of the easement, plaintiff gave to the owner of the adjacent land a written notice of his purpose to fence the lane and open it. If the fact be that the land was inclosed in common, plaintiff was authorized to open the lane six months after the giving of this notice. Code, § 1497.

We reach the conclusion that the district court erred in dismissing plaintiff's petition. The decision is reversed, and the cause will be remanded for a decree granting plaintiff the relief prayed for by him.

REVERSED.