COOK *et al.* v. FERBERT, *Appellant.*

### Division Two, July 6, 1898.

1. **Private Road:** PURCHASE OF LAND FOR: WHAT IS AN OBSTRUC-
TION. Where one has bought a strip of land to be used by himself
and others as a roadway, they have the right to its use for that exclu-
sive purpose and anything erected therein by another without per-
mission, which makes its use less convenient and beneficial than
before, is an obstruction.

2. ———: INJUNCTION: LAW AND EQUITY. In such circumstances the
injured party has no adequate remedy at law and injunction is the
proper remedy to restrain defendant from obstructing the road.

3. ———: ———: LICENSE. But unless one buy the fee to the land
and sufficiently comply with the terms of the contract of purchase to
take the case out of the statute of frauds, his right to use the strip as
a roadway is that of a mere licensee, revocable at the pleasure of the
licensor, and injunction will not lie in his favor. And the testimony
in this case is reviewed and held to establish not a purchase but a
license to use the land in question as a private road for an indefinite
time.

*Appeal from Buchanan Circuit Court.*—HON. A. M.
WOODSON, Judge.

REVERSED AND REMANDED.

*Vinton Pike* for appellant.

(1) The right was expressly left in parol. No
deed was made or promised, and defendant refused to
make one, if the subject was mentioned. Cook's right
was a mere license revocable at will in the very nature
of the case. *Railroad v. Stock Yards*, 120 Mo. 563;
*Pitzman v. Boyce*, 111 Mo. 396; *Fuhr v. Dean*, 26 Mo.
116; *Desloge v. Pearce*, 38 Mo. 588; *Allen v. Mans-
field*, 82 Mo. 695. (2) If the contract was uncertain,
it can not be enforced in equity.

*Vories & Vories* for respondents.

(1)   Injunction is the proper remedy to prevent the obstruction of a private way and can be enforced in a private action.   The grantee of a private way may resort to the remedy by injunction for any obstruction that interferes with its convenient use or enjoyment. *Leknan v. Railroad*, 36 Mo. App. 363; *Rude v. St. Louis*, 93 Mo. 415; *Gerrish v. Shattuck*, 128 Mass. 571; *Dickinson v. Whitny*, 141 Mass. 414; *Tide v. Hadley*, 36 Ala. 505; *McConnel v. Rathbun*, 46 Mich. 303; *Devore v. Ellis*, 62 Iowa, 505; *McCann v. Day*, 57 Ill. 101. (2) When the grantee has the right to an open way the grantor can not erect a gate or fence across the way. *Devore v. Ellis*, 62 Iowa, 505; *Joyce v. Conlon*, 72 Wis. 607.   (3)   Cook's right is not a mere license; the strip of ground was bought, the purchase price paid and possession taken under the contract of purchase. Specific performance could be enforced.   *Overspeck v. Thiemann*, 92 Mo. 475; *Hays v. Railroad*, 108 Mo. 544; *Emmel v. Hayes*, 102 Mo. 186; *Johnson v. Hanley*, 115 Mo. 519; *Stock Yds. v. Fleny Co.*, 112 Ill. 384.

BURGESS, J.—This is an injunctive proceeding by plaintiffs against defendant to restrain him from obstructing a neighborhood road.

In 1885 and prior thereto, plaintiffs and defendant resided in the same neighborhood in Buchanan county, Missouri, and having no other means of egress from and ingress to his premises Cook claims to have purchased from the defendant Ferbert, to be used by himself and co-plaintiffs as a road or way of travel north and south, a strip of ground ten feet wide off of the west side of Ferbert's land.   The consideration to be paid for this strip or roadway, was the erection of a fence on the east line thereof, of mulberry posts and

wire. Cook built the fence according to the contract with the exception of about ten rods at the south end of the strip, when he stopped at Ferbert's request. The road was used from this time until about the time of the commencement of this suit, when defendant continued the fence down the east line of the ten foot strip, and within a short distance of the south end, and then turned it and crossed the strip and connected the fence with the opposite fence below that point, near the corner of the road, and put in a gate which he locked, thus obstructing the road.

No deed was ever made, although frequently demanded.

The court made a special finding of facts substantially as herein stated and entered a judgment and decree enjoining and restraining defendant, his servants, agents and employees, from obstructing or in any way interfering with said strip of ground by said Cook as a road or right of way, and for costs. Defendant appealed.

The first question, lying at the threshold of this litigation, is, whether the strip of land used by plaintiffs and others as a roadway and fenced by Cook, was purchased by him from defendant, or whether it was merely the purchase of the right to use the strip as a roadway during an indefinite time.

If Cook bought the strip of land to be used by himself and others as a roadway they had the right to its use for that exclusive purpose and any interference by defendant with that use by fencing and putting a gate across it, and then locking the gate was an injury to them. If plaintiffs were entitled to a right of way over the strip of land, "then anything erected therein which, for practical purposes, made its use less convenient and beneficial than before, was an obstruction

which wrongfully interfered with the privilege to which he was entitled." *Dickinson v. Whiting*, 141 Mass. 417.

In such circumstances the injured party has no adequate remedy at law and injunction is the proper remedy. *Lakenan, Ex'r v. Railroad*, 36 Mo. App. 363; *Devore v. Ellis et al.*, 62 Iowa, 505; *Collins v. Slade*, 23 W. R. 199; *McCann v. Day*, 57 Ill. 101. But unless Cook bought the fee to the land, and sufficiently complied with the terms of the contract of purchase to take the case out of the statute of frauds, his right to use the strip as a roadway was that of a mere license which was revocable at the pleasure of the licensor Ferbert, and injunction will not lie in his favor. The court found that Cook purchased the land, but we are unable to concur in that view. The weight of the evidence is we think to the contrary, and that defendant only gave to him and others, and to him especially, a license to use the strip in question as a private road for an indefinite time upon the consideration that he would fence it with mulberry posts and wire. Cook wanted this road for an outlet until he could obtain one by a public road which it seems he had accomplished at the time of placing the obstruction by defendant in the road in question.

Defendant never made a deed to the land, and in fact it does not seem that such a thing was contemplated by the parties at the time the arrangement was made by which Cook was to have the use of the strip for a private road.

The judgment is reversed, and cause remanded to be proceeded with according to the views herein expressed.

GANTT, P. J., and SHERWOOD, J., concur.