Edward A. WINSLOW et al. (Plaintiffs), Appellants,

v.

Richard SAUERWEIN et al. (Defendants), Respondents.

No. 28982.

St. Louis Court of Appeals.

Missouri.

Dec. 20, 1955.

Motion for Rehearing or for Transfer to Supreme Court Denied Jan. 13, 1956.

Hale W. Brown, Kirkwood, for appellants.

Meyer, Hoester & Coleman, Clayton, for respondents.

MATTHES, Judge.

In this equity action plaintiffs, appellants, seek to enjoin Richard Sauerwein and Joan Sauerwein, his wife, the original defendants, respondents (herein called defendants), from using and trespassing upon a 30-foot strip of land adjoining the east side of plaintiffs' Lot 5 in Hillcrest No. 3, a subdivision of St. Louis County.

After a delayed appeal to this court we were of the opinion that title to real estate

was involved and transferred the case to the Supreme Court. Winslow v. Sauerwein, Mo.App., 272 S.W.2d 836. The Supreme Court disagreed and retransferred the cause to this court. Winslow v. Sauerwein, 282 S.W.2d 14.

■ This being a proceeding in equity, we are required to review the evidence de. novo and arrive at a result that should have been reached on the evidence adduced, with due deference accorded the chancellor in his determination of factual questions, especially those depending upon conflicting testimony. Hubert v. Magidson, Mo.Sup., 243 S.W.2d 337, loc. cit. 341; Amitin v. Izard, Mo.App., 252 S.W.2d 635, loc. cit. 638.

The amended petition of plaintiffs was in two counts. Count I is no longer in the case for the reason that plaintiffs' motion for new trial was limited to Count II. The substance of Count II appears in the opinion of the Supreme Court, 282 S.W.2d 14, loc. cit. 16, and we deem it unnecessary to here restate the material allegations of the petition.

The record does not show the filing of an answer to the amended petition. It seems apparent, however, that the parties and the court tried the case as if the defendants' answer and counterclaim filed to the original petition had been refiled, and we shall so consider it. In their answer to the original petition defendants denied all of the material allegations and also pleaded that plaintiffs had no right, title, or interest in the strip of land 30 feet wide.

Prior to the filing of the answer the court had sustained a motion filed by defendants requiring plaintiffs to join other parties as defendants, including those owning the remaining lots in Hillcrest No. 3 abutting on the 30-foot strip of land. Upon the failure of plaintiffs to comply with the order of the court, defendants joined the City of Kirkwood, all of the other lot owners in Hillcrest No. 3 whose lots abutted on said strip, as well as certain parties who lived on or owned property on the opposite or east side thereof. These parties were designated as defendants in the answer and counterclaim filed by the Sauerweins.

■ The trial court entered judgment finding the issues against plaintiffs on both counts of their petition and against defendants Sauerwein on their counterclaim, and dismissed plaintiffs' petition and the counterclaim of defendants Sauerwein. Said defendants filed no motion for new trial, and as stated, plaintiffs' motion was limited to Count II of the amended petition. In this state of the record, Count I of the petition and the counterclaim have passed out of the case. Section 512.160 RSMo 1949, V.A.M.S.; Rule 3.23 of Rules of the Supreme Court, 42 V.A.M.S.; Winslow v. Sauerwein, Mo.Sup., 282 S.W.2d 14, loc. cit. 15.

The sole point for our determination is whether the trial chancellor erred in failing to grant the injunctive relief prayed for and in dismissing plaintiffs' petition.

The documentary evidence consisted of the deed to plaintiffs, defendants' certificate of title, and a paper, obviously not a true copy of the recorded plat of Hillcrest No. 3 Subdivision but purporting to be a representation thereof. This documentary evidence and the testimony of the witnesses demonstrate:

Hillcrest No. 3 is a subdivision of lots in St. Louis County, and the plat thereof was recorded in the land records of said county in Plat Book 30, page 103, Lots 1 to 6, extending from the south to the north, are adjacent to, and abut on the west side of the strip of land 30 feet wide designated on the plat as Hillcrest Place. This strip extends in a north and south direction and in fact is a private street used as a means of ingress and egress by owners of lots in Hillcrest No. 3. On the south side it terminates at Woodbine Avenue, which is an east and west street. North of Woodbine Avenue for some distance not shown on the plat the private street is 50 feet wide. It then narrows to 30 feet, and at that width extends northwardly a distance of 300 feet. On the north Hillcrest Place (the private street) connects with

another private street 24 feet wide, which extends westwardly to Harrison Avenue, a north and south street. Lot 6 of the subdivision is the most northern lot abutting on the west side of the strip of land in controversy. The defendants' property is on the east side of the said strip of land, and approximately the south half of their tract is directly opposite Lot 6 of Hillcrest No. 3 and abuts on the east side of said private street. During the course of the trial the parties stipulated that before Hillcrest No. 3, consisting of a total of 11 lots, was established as a subdivision, it and Hillcrest Place, 30 feet wide (the private street in question), as well as the private street 24 feet wide, constituted one tract of land, and that the parcels east of Hillcrest Place, including the defendants' property, were part of another tract.

Plaintiffs acquired their property from Christ Schweikert and May H. Schweikert, his wife (who laid out the subdivision), on July 17, 1940.[1] The defendants purchased their property on July 9, 1950.[2]

It was established that at one time the defendants' lot was part of a larger parcel which extended from Clay Avenue, a north and south street, westwardly to the private street. A prior owner of the whole tract sold the west half thereof to the defendants.

Approximately two years after the defendants purchased their property they began construction of a building thereon. Then it was that trucks with building materials began using the private street. A controversy arose between the plaintiffs and the defendants concerning the right of defendants to use the street, and when it became evident to plaintiffs that defendants were going to persist in the use of the street, this action was instituted.

Determination of the propriety of the court's action in finding against plaintiffs requires the consideration of these basic questions:

(1) Do the plaintiffs have and own an easement in the private street?

(2) If so, can they as owners of one lot maintain this action to prevent use of the street by third parties?

(3) Were the acts of defendant sufficient to justify the granting of injunctive relief?

(4) Are defendants entitled to use the street because of the fact that part of their property, although not in Hillcrest No. 3, abuts on the street?

Of these in order.

■ (1) It is now well settled that "when property sold is described in a conveyance by reference to a plat upon which streets are shown, there is an implied grant of an easement therein which is deemed a part of the property to which the grantee is entitled". Larkin v. Kieselmann, Mo.Sup., 259 S.W.2d 785, loc. cit. 788. The same rule is announced in the early case of Carlin v. Paul, 11 Mo. 32. And this doctrine is generally recognized. 28 C.J.S., Easements, § 39, p. 701; 17 Am.Jur., Easements, Section 47, page 958; Jones on Easements, Section 231, page 192, Section 234, page 194. But the general public acquires no right in such streets. Smith v. City of Hollister, Mo.App., 238 S.W.2d 457, loc. cit. 463.

■ Plaintiffs acquired their lot by a description which referred to the plat of Hillcrest No. 3 Subdivision, therefore, we hold that plaintiffs, as owners of a lot abutting on said street acquired an ease-

---

1. The property was conveyed to plaintiffs by this legal description: "Lot 5 of Hillcrest No. 3, according to the plat thereof recorded in Plat Book 30 Page 103 of the St. Louis County Records, together with all improvements thereon."

2. The property was conveyed to defendants by this legal description: "A Parcel of land in the Southeast ¼ of the Southwest ¼ of Section 1, Township 44 North, Range 5 East, fronting 72 feet 7 inches on the East line of Hillcrest Place, by a depth Eastwardly between parallel lines of 150 feet to property conveyed to Ann Reid by deed recorded in Book 2637 Page 115 or a line 150 feet West of and parallel with the West line of Clay Avenue; bounded North by property now or formerly of Eliza Higgins."

ment therein in common with the owners of other lots in said subdivision also abutting on the private street.

■ (2) In the memorandum filed at the time of the rendition of the judgment dismissing plaintiffs' petition, the trial court, although finding that plaintiffs had an easement in the strip of land in question, further found that "no single owner, alone, of any lot abutting on said right-of-way * * * can maintain a suit of this nature under the circumstances in this case". While it is undoubtedly the law that in an action to enjoin interference with an easement, all who are affected in the same way by the acts of the defendant have a common interest and may join as plaintiffs, the general rule seems to be that the parties having a common interest in an easement are not required to join in such an action but may sue separately. 28 C.J.S., Easements, § 109, subd. b (2) Joinder, p. 801. And there is authority for the principle that a cotenant in possession may maintain an action for the obstruction of a way appurtenant to his property without joining the other cotenant as a party plaintiff. 28 C.J.S., Easements, § 109, note 46, p. 801. Any one rightfully in possession of premises to which an easement is appurtenant may maintain an action for injury thereto or disturbance thereof. 28 C.J.S., Easements, § 109, note 28, p. 800; 19 C.J., Section 261, note 30, page 998; 17 Am.Jur., Easements, Section 150, page 1033.

■ We are in accord with these general principles. If one lot owner who owns an easement valuable to his property is not privileged to institute and maintain an action for the protection thereof, then conceivably a situation could exist where such lot owner would find himself without an effective remedy to protect encroachment upon his rights. This is so because for one reason or another other lot owners in a subdivision having an interest in common in an easement appurtenant to their property could refuse to join in litigation to prevent interference on the part of third parties with the use of such easement. We therefore hold that any one lot owner in a ■

subdivision having an easement in a private street in common with other lot owners similarly situated may severally maintain an action for disturbance of or interference with such easement.

Furthermore, all of the other owners of lots in Hillcrest No. 3 abutting on the 30-foot strip of land were actually in court. When plaintiffs failed to join them, the defendants Richard Sauerwein and his wife designated the other lot owners as parties defendant in their answer and counterclaim. We are justified in assuming that all of said additional parties were served with process because the record shows that a default and inquiry was granted by the court as to them. In this situation all interested parties were afforded the opportunity of being heard on the question before the court.

■ (3) The jurisdiction of equity in a proper case to restrain trespasses is well settled. Because of the extraordinary nature of the relief, injunctions to prevent trespasses do not issue as a matter of course as where there is an inconsequential trespass, but where necessary to prevent frequent repetition of trespass, the jurisdiction of a court of equity may be invoked and injunction granted. 43 C.J.S., Injunctions, § 57, pp. 521, 522. The principle is also rather uniformly accepted that injunction is a proper remedy for an interference with a right of way whenever the injury complained of is irreparable, the interference is of a permanent and continuous character, or the remedy at law by an action for damages will not afford adequate relief. 17 Am.Jur., Easements, Section 153, page 1037; 28 C.J.S., Easements, § 107, p. 789, and pp. 791 and 792. Our courts have long recognized and approved the remedy of injunction to restrain interference with an easement. Cook v. Ferbert, 145 Mo. 462, 46 S.W. 947; Amitin v. Izard, supra; Patterson v. Wilmont, Mo.Sup., 245 S.W.2d 116.

■ The only conclusion to be reached on the factual question presented by the record is that the defendants were not only using Hillcrest Place, the private street, as

a means of ingress and egress to their property, but that they intended to persist in such use. Therefore it appears that an action at law for damages would have been inadequate and that remedy by injunction is not only proper but necessary if plaintiffs are to be afforded beneficial relief.

(4) It is the theory of defendants that since a portion of the west side of their property actually abuts on the private road, that regardless of all other factors, they, too, have an easement in the strip of land 30 feet wide and are privileged to use it as a street. We cannot agree that this contention is supported by the opinion in the case of Amitin v. Izard, Mo.App., 252 S.W.2d 635, cited and relied upon by defendants. The statement appearing in the opinion, loc. cit. 640, "even though this is a private road it is our view that it may be used freely and without restriction by the persons owning or in possession of property abutting laterally thereon * * *", must be considered in light of the facts surrounding the establishment of the private road which was the subject of that litigation. Such consideration leads to the conclusion that the Amitin case is no authority for the principle which defendants would have us adopt. This is so because in the Amitin case the deed creating the roadway expressly recited that the roadway was established for the joint use and benefit of the present and future owners of the property *abutting thereon.* (Italics ours). In the instant case the strip of land 30 feet wide constituting the private street was taken in its entirety out of the same tract making up Hillcrest No. 3. No part of the private street came out of the property on the east side thereof. Furthermore, defendants' property is not a part of Hillcrest No. 3 Subdivision, neither was the property that the defendants purchased described in their deed by reference to the plat of Hillcrest No. 3 upon which the private street is shown. In addition to these factors the undisputed testimony showed that the private street was constructed in the first instance by Mr. Schweikert, who laid out and established Hillcrest No. 3, and the street was maintained over the years by the parties who owned lots in Hillcrest No. 3 abutting on the west side thereof.

We have been cited to no authority, and our research has disclosed none, which holds that under the circumstances present in this case the defendants have an easement in the private street solely because their property abuts thereon. Indeed, the contrary appears to be the rule. In Jones on Easements, Section 230, page 192, this pronouncement appears: "One has no right of way over a private street or way merely because his land adjoins it." The principle has also been announced that a private way may not be used by the public generally or by any one having no better right than the general public. 28 C.J.S., Easements, § 90, p. 769.

In Shore v. Friedman, 142 Pa.Super. 373, 16 A.2d 727, the facts were strikingly similar to those in the instant case. Plaintiffs were the owners of certain lots which abutted on a 12-foot wide private driveway at the rear of the lots. The driveway was laid out by the former owners of plaintiffs' properties, and the 12 feet used for the driveway were taken wholly from the land of plaintiffs' predecessor in title. Defendants owned lots abutting on the opposite side of the private way and undertook to justify their use thereof on the premise that they were abutting owners and came within the terms of the deed establishing the driveway, which provided it was created for use "in common with the owners, tenants and occupiers of the premises abutting thereon and entitled to the use thereof". The appellate court rejected defendants' contention and enjoined them from using the driveway.

Viewing the facts in this case in line with the authorities noted, we must hold that the defendants are not entitled to use the private driveway in question solely because their property abuts on the driveway.

We have concluded that the trial court erred in rendering judgment against plaintiffs and in dismissing their petition.

The cause is therefore reversed and remanded with directions to the trial court to enter a judgment in favor of plaintiffs and against defendants Richard Sauerwein and Joan Sauerwein, his wife, restraining them, their agents and servants acting under and for them, from using and trespassing over and upon the private street called Hillcrest Place shown upon the plat of Hillcrest No. 3 Subdivision. The costs should be taxed against the defendants.

ANDERSON, P. J., and NOAH WEINSTEIN, Special Judge, concur.