Jack WALLACE, Plaintiff–Appellant,

v.

Jack SNIDER, Defendant–Respondent.

Nos. 25839, 26000.

Missouri Court of Appeals,
Southern District,
Division Two.

May 21, 2004.

Paul F. Sherman, Daniel, Powell & Kiefer, LLC, Springfield, for appellant.

John R. Lightner, J. Matthew Miller, Baird, Lightner, Millsap & Kollar Springfield, for respondent.

KENNETH W. SHRUM, Judge.

This is a suit in equity by Jack Wallace ("Plaintiff") seeking to enjoin Jack Snider ("Defendant") from interfering with Plaintiff's use of an alleged road easement across Defendant's land. After an evidentiary hearing, the court issued a preliminary injunction as requested by Plaintiff. Thereon, Defendant moved for dismissal of Plaintiff's petition on the theory that Plaintiff lacked standing to bring the suit. The motion to dismiss was prompted by testimony, given by Plaintiff, at the preliminary injunction hearing in which he conceded that he did not own the land being served by the road easement. The trial court dismissed Plaintiff's petition per Defendant's motion. This appeal followed. We reverse and remand.

When, as here, a trial court fails to state a basis for its dismissal, this court presumes the dismissal was based on the grounds stated in the motion to dismiss. *Lueckenotte v. Lueckenotte,* 34 S.W.3d 387, 391[1] (Mo.banc 2001). We will affirm the dismissal if it can be sustained on any ground stated in the motion to dismiss. *Id.* at 391[2]. "Whether a party has standing to bring a cause of action is a question of law." *Asmus v. Capital Region Family Practice,* 115 S.W.3d 427, 431 (Mo.App. 2003).

In pertinent part, Defendant's motion to dismiss recited:

"Defendant ... moves to dismiss this cause [because] Plaintiff lacks standing to bring this action. Plaintiff is seeking to impose an easement on Defendant's property in favor of a parcel that does not belong to Plaintiff. Consequently, Plaintiff cannot be the real party in interest and this matter should be dismissed."

To support this motion, Defendant cited Plaintiff's admission at the preliminary injunction hearing that his father was owner of record of the dominant estate, i.e., the farm allegedly served by the subject road easement. Plaintiff, however, also testified that he lived on the subject farm his entire life, he personally owned other acres of land adjoining the ground served by the easement, he raised cattle on this land for 50 years, and he farmed the land continuously since 1977.

In Missouri, an easement is never presumed to be a personal right when it can fairly be construed as appurtenant to another estate. *Engelhardt v. Gravens,* 281 S.W. 715, 718[2] (Mo.1926); *Three–O–Three Investments, Inc. v. Moffitt,* 622 S.W.2d 736, 739[6] (Mo.App.1981). The existence of a dominant tenement resolves any doubt that the easement is appurtenant rather than in gross. *Gowen v. Cote,* 875 S.W.2d 637, 640[6] n. 4 (Mo.App.1994).

The usual dispute over easement usage or obstruction involves one easement owner and one servient owner, and litigation regarding the same involves only those two persons or entities. However, "[w]ith respect to easements appurtenant, [it is well settled] that anyone having the right to enjoy the easement may protect such potential enjoyment." RICHARD R. POWELL & PATRICK J. ROHAN, POWELL ON REAL PROPERTY § 420 (abridged 1974). "Thus, the lawful occupant of the dominant tenement is privileged to bring an action in his own name for interference with his easement." *Id.* That this is the law in Missouri was confirmed in *Winslow v. Sauerwein,* 285 S.W.2d 21 (Mo.App.1955),

wherein the court held "[a]ny one rightfully in possession of premises to which an easement is appurtenant may maintain an action for injury thereto or disturbance thereof." *Id.* at 25[7]. *Also see* 28A C.J.S. *Easements* § 182 (1996) ("Actual possession of land is alone sufficient to maintain an action for disturbing an easement appurtenant thereto"); 28A C.J.S. § 195; 25 AM.JUR.2D *Easements and Licenses* § 125 (1996).

These rules, coupled with Plaintiff's testimony, persuade us that the trial court erred when it dismissed Plaintiff's injunction suit based on the fact that Plaintiff was not the record owner of the dominant estate. This holding, however, should not be interpreted as precluding the trial court (should it desire to do so) from holding another evidentiary hearing at which the parties may more fully develop a record regarding the nature and extent of Plaintiff's possessory interest in the dominant estate.

The judgment is reversed and the cause remanded for further proceedings.

PARRISH, J., and RAHMEYER, C.J.-P.J., concur.