**Dennis L. and Patricia A. GAMMON
and Scott and Stephanie Nelson,
Respondents,**

v.

**Gerald E. and Delores A. McPHERSON and Michael Frame, Appellants.**

**No. WD 67402.**

Missouri Court of Appeals,
Western District.

Sept. 4, 2007.

Jon A. Kaltenbronn, Lake Ozark, for Appellant.

Lewis Z. Bridges, Lake Ozark, for Respondent.

PAUL M. SPINDEN, Judge.

Gerald E. and Delois[1] A. McPherson and Michael Frame appeal the circuit court's judgment permanently enjoining them from interfering with the use of an easement across their property by their neighbors, Dennis L. and Patricia A. Gammon and Scott and Stephanie Nelson. The McPhersons contend that the Gammons and Nelsons have no easement across the property and that they have no standing to assert a claim for injunction because they have no interest in the dominant estate holding the easement across the property. We agree and reverse the circuit court's judgment.

The evidence established that Johnnie and Viola Boan were the original owners of the real property at issue in this case. The Boans transferred part of their property to Lake Broadcasting, Inc., and granted Lake Broadcasting an easement across

1. The judgment and other court records used the name "Delores" when referring to Delois McPherson, while the McPhersons' answer and counter petition used the name "Delois." We assume the latter to be correct.

their property for ingress, egress and utilities.[2] The Boans later sold their remaining property to William James Stevenson in two tracts—a tract of 92.864 acres and another of 12.452 acres—subject to Lake Broadcasting's easement. These two tracts were later transferred to several individuals, and, in each of these transfers, the property was made subject to Lake Broadcasting's easement.

Eventually, Frame became the owner of the two tracts. During 1996, Frame transferred the 12.452–acre tract to the McPhersons. He forfeited the 92.864–acre tract to the United States government. During 1998, the Gammons purchased the 92.864–acre tract at a governmental auction. The McPhersons and the Gammons took their properties subject to Lake Broadcasting's easement.

According to Dennis Gammon, at the time he purchased his property, the only way to access his property was by using the road that crossed the McPhersons' property. This road was the property referred to in Lake Broadcasting's easement. During 2004, Frame, who was managing the McPhersons' property, told the Gammons to stop using the road that crossed the McPhersons' property. In an attempt to stop the Gammons from using the road, Frame closed and locked gates across it and blocked it by putting up signs and parking bulldozers and other vehicles on it. At trial, Dennis Gammon admitted that the road crossing the McPhersons' property was no longer the only road going to his property. He acknowledged that another neighbor, Marvin Bunch, had given him an easement to use a road over his property. This road was not sufficient, Gammon said, because he was a builder and kept large construction equipment that could not negotiate the turns on Bunch's road.

On January 20, 2004, the Gammons filed a petition with the circuit court seeking a permanent injunction enjoining the McPhersons and Frame from interfering with their use of the easement across the McPhersons' property. In their petition the Gammons alleged:

> That located on the real property of Defendants Gerald E. McPherson and Delores A. McPherson is an easement for ingress and egress created by Warranty Deed dated May 22, 1988 filed for record at Book 222 Page 401, Miller County Recorder's Office[.]
>
> ... That said easement is appurtenant to [the Gammons'] real property ... and a burden upon [the McPhersons'] real property[.]

On March 4, 2004, the McPhersons and Frame filed a counter petition with the circuit court seeking to permanently enjoin the Gammons from traveling on their property.

In the meantime, the Gammons transferred a portion of their land by warranty

---

**2.** The McPhersons and Frame assert that, because Lake Broadcasting's easement was not received into evidence at trial, we should not consider this evidence in this appeal. We note, however, that in its answer to the Gammons' petition for permanent injunction, the McPhersons and Frame admitted that a "Warranty Deed dated May 22, 1988, filed for record at Book 222, Page 401, Miller County Recorder's Office references an easement[.]" Moreover, in their counter petition for injunction, the McPhersons and Frame assert that both their land and the Gammons' land are "subject to an easement appurtenant granted to Lake Broadcasting Inc." Further, in their third party petition against the Nelsons, the McPhersons and Frame assert that the Nelsons' land is "subject to an easement appurtenant granted to Lake Broadcasting, Inc." Hence, these statements in the McPhersons' and Frame's pleadings are judicial admissions and render these facts indisputable. *Wehrli v. Wabash R.R. Co.,* 315 S.W.2d 765, 773–74 (Mo.1958), *cert. denied,* 358 U.S. 932, 79 S.Ct. 321, 3 L.Ed.2d 304 (1959); *In re Marriage of Maupin,* 829 S.W.2d 125, 127 (Mo.App.1992).

deed to the Nelsons and granted them an easement. According to Scott Nelson, he used both the Bunch easement and the roadway across the McPhersons' property to access his property. Nelson, who owns a landscaping business, said that negotiating the Bunch road with the large trucks that he used in his business was impossible. He said that large trucks making deliveries to his property for his business would use the roadway across the McPhersons' property.

On February 5, 2006, Lake Broadcasting granted the Gammons and the Nelsons "an easement over and across the easement owned by it and described in Warranty Deed filed for record at Book 222, Page 401 Miller County Recorder of Deeds[.]" On April 18, 2006, the McPhersons and Frame filed an amended counter petition seeking to permanently enjoin the Gammons from traveling on their property and filed a third party petition seeking to enjoin the Nelsons permanently from traveling on their property. On July 26, 2006, the circuit court issued its judgment in which it permanently enjoined the McPhersons and Frame from interfering with the Gammons' and the Nelsons' use of the easement across the McPhersons' property. The circuit court's judgment prohibited the McPhersons and Frame from:

> [T]aking any action to interfere in any manner with the use of the easement described in evidence and contained in that certain warranty deed filed for record at Book 222 Page 401 Miller County Recorder's office ... by [the Gammons] and their heirs, assigns and successors in interest including [the Nelsons], in any manner, including, without limitation, the installation or maintenance of any gates across said roadway and the blocking of use of said roadway by [the Gammons] by the parking of vehicles, operable or inoperable, on said roadway.

The McPhersons appeal from this judgment.

The McPhersons assert that the circuit court erred in ordering that they not interfere with the Gammons' and the Nelsons' use of the easement, which was established for use by Lake Broadcasting. The McPhersons contend that the Gammons and the Nelsons have no easement and that they have no standing to assert a claim for injunction because they have no interest in the dominant estate owned by Lake Broadcasting. We agree.

■ A property owner cannot have an easement over his own land. *Knox County Stone Company v. Bellefontaine Quarry, Inc.*, 985 S.W.2d 356, 360 (Mo.App. 1998). Thus, to the extent that the Gammons contend that they were granted an easement over their property and the McPhersons' property when their property was conveyed to them, they are mistaken. Their property and the McPhersons' property were merely subject to Lake Broadcasting's easement. The purchase of the 92.864–acre tract did not give the Gammons a right to use Lake Broadcasting's easement.

■ The Gammons and Nelsons assert, however, that they have an easement over the McPhersons' property because Lake Broadcasting granted them the right to use the easement. When a servient tenement—in this case held by the McPhersons—interferes with use of the dominant tenement (that held by Lake Broadcasting), only the " 'lawful occupant of the dominant tenement is privileged to bring an action in his own name for interference with his easement.' " *Wallace v. Snider*, 134 S.W.3d 118, 119 (Mo.App.2004) (citation omitted). The Gammons and the Nelsons are not the lawful occupants of the dominant tenement. Hence, we agree with the McPhersons that the Gammons

and the Nelsons lack standing to assert a claim for injunction because they have no interest in the dominant estate owned by Lake Broadcasting.

█ A holder of an easement may allow, in some circumstances, use of that easement by third parties for purposes not inconsistent with the principal use granted. *Eureka Real Estate and Investment Company v. Southern Real Estate and Financial Company*, 355 Mo. 1199, 200 S.W.2d 328, 332 (1947). To the extent that Lake Broadcasting could grant the Gammons and the Nelsons the right to use its easement, the evidence established that the Gammons' and the Nelsons' use of the easement was inconsistent with the principal use granted to Lake Broadcasting. Although the Gammons and the Nelsons contend that their use did not change the character or nature of the easement, their testimony established otherwise. Dennis Gammons and Scott Nelson testified that they were using the easement for the purpose of transporting large equipment to their property. This went beyond a mere use for ingress and egress as originally provided in the easement to Lake Broadcasting. *See Cheatham v. Melton*, 593 S.W.2d 900, 904 (Mo.App.1980).

█ Finally, to the extent that the Gammons and the Nelsons assert that they established an easement by implication, we agree with the McPhersons that the Gammons and the Nelsons did not sufficiently plead the issue of easement by implication. The Gammons and the Nelsons based their petition for an injunction upon the written easement granted to Lake Broadcasting and conveyed to them by Lake Broadcasting.

██ Missouri is a fact-pleading state. *Luethans v. Washington University*, 894 S.W.2d 169, 171 (Mo. banc 1995). Pleadings must contain a "short and plain state-ment of the facts showing that the pleader is entitled to relief[.]" Rule 55.05. "Fact-pleading presents, limits, defines and isolates the contested issues for the [circuit] court and the parties in order to expedite a trial on the merits." *Gibson v. Brewer*, 952 S.W.2d 239, 245 (Mo. banc 1997). Merely pleading that Lake Broadcasting's easement is appurtenant to the Gammons' property was insufficient to plead an easement by implication.

Moreover, the issue of easement by implication was not tried by the parties' implied or express consent. At trial, the Gammons and Nelsons argued that they did not think "that the pleadings [were] limited to easement appurtenant by written document." They said that their claim was "two-fold"—by written document or by implication. When, however, the McPhersons told the circuit court that they "just didn't want an amendment of the pleadings," the circuit court said, "Okay." The circuit court, therefore, did not allow an amendment of the pleadings to conform to the evidence pursuant to Rule 55.33(b).

Because the Gammons and Nelsons did not have an easement across the McPhersons' property and because they have no standing to assert a claim for injunction, we reverse the circuit court's judgment.

THOMAS H. NEWTON, Presiding Judge, and LISA WHITE HARDWICK, Judge, concur.