ANDREW GERSTNER, Respondent, v. ROBERT B. PAYNE, Appellant.

Kansas City Court of Appeals, December 4, 1911.

1. INJUNCTION: Private Road: Prescriptive Right. Where it is not shown that the use of a private road by the interior landowner was intended to be a permissive right, revocable at will, evidence of use and enjoyment of the road for a quarter of a century with the knowledge and consent of the owners of the servient land will be sufficient to raise a presumption of a prescriptive easement and unless this presumption is overthrown by substantial proof that the road was opened by virtue of some license, indulgence, or agreement inconsistent with the right claimed, injunction will lie to prevent the closing of the road.

2. ————: ————: Partition. Failure to reserve the easement in the sale of the servient land under a decree of partition where the party claiming the easement was a party to the suit in partition, will not defeat the easement, where the easement was vested before the decree was rendered.

Appeal from Buchanan Circuit Court.—*Hon. C. A. Mosman,* Judge.

.AFFIRMED.

*John W. Muir* and *John S. Boyer* for appellant.

(1) Plaintiff is not entitled to an easement. He does not claim by express grant, and the evidence does not support a claim to title by prescription. Plaintiff failed to prove the four essential facts to sustain a claim of adverse user, to-wit: First. User for the prescribed period. Second. That the use was adverse. Third. That it was under a claim of right. Fourth. Notice to the owner of the user and of its character and of the claim of right. Anthony v. Building Co., 188 Mo. l. c. 720, and authorities there cited. (2) The user was not adverse to the title of the owner. That is, the user was not continuous, exclusive, hostile and adverse to the title of Mrs. Williman for the period prescribed by the Statute of Limitation; nor was such user in any way inconsistent with or in defiance of her title. But such user was entirely consistent with the title and ownership in Mrs. Williman, and existed only by virtue of her motherly and neighborly accommodation; hence no easement could arise. No flux of time can change a friendly user into an adverse holding, or give rise to an easement by prescription. Feller v. Lee, 225 Mo. l. c. 327; Sanford v. Kern, 223 Mo. l. c. 626; Anthony v. Building Co., 188 Mo. 704; Hunnewell v. Adams, 153 Mo. 440; Dunham v. Joyce, 129 Mo. 5; Pitzman v. Boyce, 111 Mo. 387; Hunt v. Adams, 86 Mo. App. 73; Coberly v. Butler, 63 Mo. App. 556; Nelson v. Nelson, 41 Mo. App. 130. The trial court should have found for the defendant upon his plea of estoppel. The plaintiff herein was a party defendant in the partition proceedings in which the Mary Williman land was sold. He did not assert in that cause any right,

title or interest in or to the roadway which he now claims over said lands. The entire estate was sold, and Andrew Gerstner received and collected his full portion of the proceeds. He is bound by the judgment and decree of partition, and the sale thereunder, and is precluded from asserting any interest adverse to the interests of any and all persons claiming under the judgment in that suit. The statute provides that a sale in partition "shall be a bar against all persons interested in such premises who shall have been parties to the proceedings." R. S. 1909, sec. 2596; Becker v. Stroeher, 167 Mo. l. c. 321.

*G. L. Zwick* for respondent.

(1) Where a private way over land has been used for the statutory period and longer without objection or interruption and it does not appear that the use was begun or continued under a license from the owner of the servient estate, the owner of the dominant estate estate to which the road is appurtenant has an easement in the way and cannot be deprived of its use. Autenrieth v. Railroad, 36 Mo. App. 260; Leiweke v. Link, 147 Mo. App. 19; Geisman et al. v. Trish et al., 151 Mo. App. 714. (2) In order to establish an adverse claim of right it is not necessary that positive notice be given or that express acquiescence be proved. A right of way by prescription may be established by use with claim of right to the knowledge of the owner or by a use so open and notorious that knowledge of the claim will be presumed. Jones on Easements, 266; Misenheimer v. Amos, 221 Mo. l. c. 371; Hurt v. Adams, 86 Mo. App. l. c. 79; Boyce v. Railroad, 168 Mo. l. c. 593; Turner v. Railroad, 112 Mo. l. c. 547; Ward v. Warren, 82 N. Y. 265; Hey v. Collman, 79 N. Y. Supp. 778; Sanford v. Kern, 223 Mo. l. c. 628; Anthony v. Building Co., 188 Mo. l. c. 719; Kripp v. Curtis, 71 Cal. 62; McKenzie v. Elliott, 134 Ill. 156. (3) A grant

of a way is presumed to have been made where land is sold or partitioned which is inaccessible except over the remaining land of the grantor or co-tenant. Graham v. Olson, 116 Mo. App. 272; Harris et al. v. Caperton et al., 132 S. W. 157, (Ky. 1910); 22 Am. and Eng. Ency. 1199; Snyder v. Warford, 11 Mo. 513; Chase v. Hall, 41 Mo. App. 15; Vossen v. Dautel, 116 Mo. l. c. 385. (4) Where an easement is claimed by prescription the burden is upon the party claiming it to prove the facts essential to the acquisition of a prescriptive title; proof of uninterrupted use for the necessary period without evidence to explain how it began raises a presumption that it was adverse under a claim of right and the burden is upon the owner of the land, if he relies upon such a defense, to show that it was by virtue of some license, indulgence or agreement inconsistent with the right claimed. 14 Cyc. 1196; 22 Am. and Eng. Ency. 1202; Cox v. Forest, 60 Md. 74; Anthony v. Building Co., 188 Mo. l. c. 719; Jones on Easements, 164; Washburn on Easements, 156. (5) A purchaser at a sale in partition is bound by the rule of *caveat emptor* and stands on the same footing as a purchaser at an execution sale; and land burdened by a right of way before partition rests under the same burden after the parcels are severed or after sale made for the purpose of severing the interests of the cotenants. McManee v. Cole, 134 Mo. App. 266.

JOHNSON, J.—This is an injunction suit begun in 1910 to restrain defendant from closing a private road running along the west side of a field of forty acres owned by defendant in section 20, township 57, range 33, Buchanan county. On final hearing the circuit court made the injunction perpetual and defendant brought the case here by appeal.

The following plat introduced in evidence by defendant gives a correct description of the place in controversy:

Gerstner v. Payne.

SEC. 20-57-33

The farm of plaintiff contains fifty-six acres and consists of the northeast quarter of the southwest quarter of the section and sixteen acres in the northwest quarter of the southeast quarter. It is marked "A. Gerstner" on the plat. Defendant's farm is the southwest quarter of the northeast quarter of the section. Originally it was a part of the tract of 115 acres designated as the Mary Williman tract which consisted of the west half of the northeast quarter of the section and of the larger part of the southeast quarter of the northwest quarter. This tract was inherited by Mary Williman from her father, Francis Wonderly, who, prior to his death in 1892, had owned it for many years.

George Gerstner, the father of plaintiff and son-in-law of Francis Wonderly, at the time of his death

in 1868, owned a farm of 240 acres immediately south and east of the Wonderly tract. This farm contained the six quarter sections designated in blue on the above map and included the farm now owned by plaintiff. The road in controversy runs from the center of the section due north along the half section line to the public road which bounds the section on the north. Originally this private road was used by George Gerstner as a way connecting his farm with the public road. At first the private road did not cross the Wonderly farm along the half section line, but for twenty years or more it has occupied a strip fifteen feet wide immediately east of the half section line and for, perhaps, fifteen years the farm now owned by defendant has been fenced on the west border with a fence on a line fifteen feet east of the half section line to allow space for the private road. After the death of George Gerstner in 1868, his widow (plaintiff's mother) continued in possession of her husband's land (the farm of 240 acres) until 1892, when all of the land except the northwest quarter of the southeast quarter was divided equally among the five children of George Gerstner (including plaintiff). After this division the widow, who, meanwhile, had intermarried with Charles Williman, continued to live on the forty acres reserved until 1903, when the reserved forty was divided among the children. When this last division was made the deeds exchanged by the parties reserved a strip of fifteen feet for a road to connect with the road in controversy.

In 1907 plaintiff's mother, the said Mary Williman, died and in 1909, the tract of 115 acres she inherited from her father, Francis Wonderly, was sold in partition. Defendant bought the southwest quarter of the northeast quarter from the successful bidder at that sale. No mention was made in the proceedings in

the partition suit nor in the sheriff's deeds of the road-. way in dispute.

Obviously the private road was established and maintained for the benefit of the Gerstner land. The Wonderly farm bordered on the public road and had no need of a private road across it as a means of egress and ingress. The record does not show an express grant by Wonderly to his son-in-law of a right of way —an easement over his farm—and it is the contention of defendant that Gerstner and his descendants were but licensees, holders of a mere permissive right, re-vocable at the will of the owners of the servient lands.

Plaintiff's cause of action in reality is based on prescription. That is to say that for more than ten years he has been in the adverse, open and uninter-rupted use of the road under claim of right. He was not a trespasser, is not asserting "squatter" rights and, therefore, does not run afoul of the rule stated by the Supreme Court in Sanford v. Kern, 223 Mo. l. c. 627, that "no flux of time will ripen a bad title into a good one unless possession is blessed by a claim of right."

Certainly his grandfather, Francis Wonderly, and his mother, during the long period of their ownership of the servient land, recognized his right to the use of the road and we think, as did the learned trial judge, that all the facts and circumstances disclosed in evi-dence, some of which we have not mentioned, show quite clearly that the right conferred upon the owners of landlocked farms in the heart of the section was intended to be greater than that of a mere revocable license.

The issue of whether the user of a private road over the land of his neighbor is to be regarded as a licensee, as the recipient of a favor born of neighborly good will, or as the grantee of an easement acquired by prescription, depends for its solution on the pecu-liar facts of the given case. The bare fact that plain-

tiff and his ancestors were allowed to enjoy the use of the road a quarter of a century, with the knowledge and apparent consent of the owners of the servient land, of itself, would not invest him with a prescriptive easement, but the rule is well settled that proof of such use, for the necessary period, without evidence to explain how it began, raises a presumption that it was adverse under a claim of right and shifted the burden to defendant, to show that it was by virtue of some license, indulgence, or agreement, inconsistent with the right claimed. [Anthony v. Kennard Bldg. Co., 188 Mo. 704; 14 Cyc. 1196; 22 Am. and Eng. Ency. of Law 1202; Cox v. Forest, 60 Md. 74; Jones on Easements 163; Washburn on Easements, 156.] Defendant has not discharged this burden, since the evidence, as a whole, does not support the conclusion that the use of the road by the interior land owners was intended to be a permissive right, revocable at will.

We do not agree with defendant that the failure to reserve the easement in the sale of the Wonderly lands under the decree of partition must defeat plaintiff in this action, for the reason that he was a party to that suit and, therefore, bound by the decree rendered therein. The easement of plaintiff had been vested before that suit was commenced and in law the sale was made subject to such easement. The judgment is affirmed. All concur.