HERBERT FASSOLD, GILBERT FASSOLD, EMMA BERG, MIKE FASSOLD, CARL FASSOLD and EMMA B. FASSOLD v. LEO M. SCHAMBURG and JULIA SCHAMBURG, Appellants.—No. 38172.—166 S. W. (2d) 571.

Division One, December 1, 1942.

*Raymond S. Roberts* and *Taylor Smith* for appellant.

*J. Grant Frye* and *Gerald B. Rowan* for respondents.

466

GANTT, J.—Action to enjoin interference with the use of a private way over defendants' land. Plaintiffs claim a prescriptive right to the way. On judgment for plaintiffs, the defendants appealed.

The lands are in Perry County. Plaintiffs' land is designated as Tract I and Tract II. Charles Hacker and defendants own land between plaintiffs' tracts of land. The way is over the lands of Hacker and defendants. It connects the tracts of land owned by plaintiffs. The evidence conclusively shows that for more than fifty years the lands of Hacker and defendants have been subject to the servitude of a private road connecting Tracts I and II. Hacker does not dispute plaintiffs' claim to a prescriptive right of way over his land.

■ Defendants purchased their land on April 20, 1930, from the children of Andrew Bergman, who died at the age of seventy-one, after having lived on the land now owned by the defendants for many years.

Defendants admit that the existence of the way over their land was "for the prescribed period." They also admit that the use of the way by the plaintiffs and their ancestors was with the knowledge of the different owners of the servient land, including the defendants. In other words, there was an open, continuous, visible and uninterrupted use of the way "for the prescribed period." They also admit that there is no evidence tending to show that the use of the way was permissive in its origin. They also admit that in 1936 defendant Lee M. Schamburg sought the permission of the plaintiff Carl Fassold to move about five hundred feet of wire fence adjacent to the way closer to the traveled part of the way. Carl consented and they staked the line to which the fence might be moved.

Plaintiffs admit that, after using the way for quite a number of years, they circulated among the citizens of that locality a petition, directed to the county court, to make the way a public road. They testified that for many years they had the burden of keeping the way in condition for travel; that the way was rough, rocky and extended over timber land and that they sought to change the way to a public road that they might be relieved of the burden of conditioning the way for travel.

■ The rule follows:

"It is true that a use which is permissive in its origin remains permissive until a 'distinct and positive assertion of a right hostile to the owner' is 'brought home to him.' Pitzman v. Boyce, 111 Mo. l. c. 392, 19 S. W. 1104. It is also true that the general rule is that the burden is upon the claimant to show the adverse character of the use; but in the absence of some showing that the use was permissive in its origin it is well settled that when one claims an easement by prescription and shows an open, continuous, visible, and uninterrupted use for the period of the 10-year statute of limitation, the burden is cast upon the landowner to show that the use was permissive, rather than adverse, if he claims it to have been so. Pitzman v. Boyce, 111 Mo. l. c. 392, 19 S. W. 1104, 33 Am. St. Rep. 536; Gerstner v. Payne, 160 Mo. App. l. c. 295, 142 S. W. 794, and cases cited. This is the general rule. Smith v. Pennington, 122 Ky. 355, 91 S. W. 730, 8 L. R. A. (N. S.) 149, and note; Barber v. Bailey, 86 Vt. 219, 84 Atl. 608, 44 L. R. A. (N. S.) 98, and note." [Faulkner v. Hook, 300 Mo. 135, 254 S. W. 48, l. c. 49-50; Anthony v. Bldg. Co., 188 Mo. 704, l. c. 723, 87 S. W. 921.]

■ In view of the above stated admissions, it will not be necessary to state the evidence in detail. Defendants assume the burden and argue that the judgment should be reversed on testimony, stated in their brief, which follows: "Now, let us see what evidence was of-

fered by defendants to prove that the early use of this road by the Fassolds was permissive. The Schamburgs testified that Bertha Klobe, daughter of Andrew Bergman, stated that her father got all the gravel he needed from the Fassold land for letting the Fassolds use the road in question; that the Fassolds attempted to petition the County Court to establish this road as a public road, but when they found out how her father (Bergman) felt about it, they dropped it.''

Bertha Klobe testified as a witness and denied making said statements to the Schamburgs. Furthermore, the above mentioned testimony of the defendants and their daughter is not consistent with the act of defendant Leo M. Schamburg in seeking the consent of the plaintiffs to move the fence. If Bertha made said statements to them and they believed the way was permissive, why did they seek the consent of the plaintiffs to move the fence?

They next direct attention to the testimony of John Beeline and state the same as follows: ''The witness Beeline testified that while he was employed by Andrew Bergman, during the years 1899 to 1905, he had several conversations with Mr. Bergman about this particular road; that Bergman told him he could close the road any time he wanted to; that he had an agreement with the Fassolds to let them use it as long as he didn't want to close it. This witness further testified that Mr. Mike Fassold, father of plaintiffs, stated that as long as Mr. Bergman let him use it, it was all right, but if Mr. Bergman would take a notion to close it, he could close it. Beeline further testified that Mr. Mike Fassold stated that it was worth a whole lot to them for Mr. Bergman to let them ▆ use the road and for that reason he couldn't hardly charge Mr. Bergman for the work he did for him.''

At the time of the trial this witness resided at Prairie de Rocher, Illinois (40 miles from Perryville). In substance he testified that about forty years before the trial he had conversations with Bergman and Fassold, father of the plaintiffs, with reference to the private way. He could recall no conversation with others in that locality forty years before the trial. He was visited in Illinois by defendant Leo O. M. Schamburg about a month before the trial. In due course Schamburg sent an automobile to convey him to the trial. Furthermore, he is contradicted by the facts and circumstances in evidence in the case.

▆ It is clear that the chancellor below did not believe the above mentioned testimony of the Schamburgs and Beeline. We think he was justified in not believing said testimony. Furthermore, under the facts and circumstances in evidence, the act of the plaintiffs in seeking to have the way changed to a public road is not inconsistent with their claim of an adverse use of the way.

We next consider the contention of the defendants that the decree is beyond the pleadings. This question was not presented in the motion for a new trial. However, the contention is without merit for the decree only determines the title of the plaintiffs to an easement and not title to a fee. On the record we should defer to the findings of the chancellor.

The judgment is affirmed. All concur except *Hays, J.*, absent.