Edward H. MUELLER and Jessie M. Mueller, Respondents,

v.

Gilbert H. LARISON and Hattie S. Larison, Appellants.

No. 48964.

Supreme Court of Missouri,

Division No. 2.

March 12, 1962.

**6**

Cliff Bailey, Kansas City, for appellants.

Frank P. Sebree, Kansas City, for respondents.

STOCKARD, Commissioner.

After an adverse judgment in the trial court the defendants took an appeal to the Kansas City Court of Appeals which properly transferred the case here because title to real estate is involved. See Mueller v. Larison, Mo.App., 347 S.W.2d 446.

Respondents own the north 37½ feet of Lot 2, Block 8, Ivanhoe Park subdivision, which faces west on Garfield Avenue and extends eastward a depth of 109.8 feet. When the subdivision was originally laid out in 1887 the owner of the land reserved a 22-foot strip of land lying east of and adjoining said Lot 2, and extending north and south between 38th and 39th Streets. This strip was never dedicated to public use as a street or alley. Adjoining Ivanhoe Park to the east lies Aberdeen subdivision. Appellants own Lot 6 of Block 3 thereof which faces north on 38th Street.

It is 65 feet wide and 140.1 feet deep, and lies adjacent to Ivanhoe Park. There is a lot between respondents' lot and 38th Street, but near the east or rear portion of that lot the street jogs sharply to the south and again to the east, and the north line of appellants' Lot 6 facing on 38th Street, if extended westward to Garfield Avenue, would be about even or possibly one and one-half feet north of the north line of respondents' lot. In the northeast corner of their lot, and facing east onto the 22-foot strip, respondents have a garage. To the north and east of the garage, and east of the lot north of respondents' lot, is a rock wall a foot or so in height which is referred to as "a hillock of rock, dirt and iris." It is not clear whether this wall is located in a portion of the 22-foot strip or in an unused portion of 38th Street, but it is not on respondents' lot. It blocks a substantial portion of the entrance way to the 22-foot strip from 38th Street.

A survey discloses that when appellants' lot is located by measurements from a fixed point further east there is an overlapping of the west side of said Lot 6 onto the 22-foot strip by approximately 4.33 feet. During the trial appellants admitted that they made no claim whatever to the 22-foot strip, but they claim to own all of Lot 6, and when this disclaimer is read in context it is evident that they only disclaim any interest in that part of the 22-foot strip not overlapped by their Lot 6.

Prior to the time appellants moved into their house in November 1954, the concrete driveway from the garage extended northward to 38th Street, but the north portion of the driveway veered westerly into the 22-foot strip a distance of 7.5 feet. Respondents presented evidence that "every day" from the time he purchased his home in September 1949, and until December 1954 he used a portion of appellants' concrete driveway leading southward from 38th Street in order to obtain

access to his garage and that the owner previous to him used that part of the driveway within the 22-foot strip "daily" from 1936 to 1949 as a means of access to the garage, and that no objection was made by anyone to that use.

In December 1954, Mr. Mueller attached a basketball "goal" to the east end of his garage, apparently for the use of his son to practice basketball, and Mr. Larison told him that while he could not tell him not to put up the basketball "goal" he was not going to permit the use of his driveway for a playground. Shortly thereafter Mr. Larison placed a stake in the concrete portion of the driveway on what he considered to be the west boundary line of his lot, and he later built a low wall with concrete blocks and placed thereon a fence extending southward past the south line of respondents' lot. The wall and fence were located on the western boundary of appellants' lot when the boundary line was located by measurements from a fixed point to the east, but they were also located approximately 4.33 feet into the 22-foot strip. The distance between the rock wall north and east of respondents' garage and the north end of appellants' fence was 7.69 feet. Respondents could drive an automobile through this area but it would be close. In order to get an automobile into their garage it was necessary to maneuver it carefully and back it at least twice.

Respondents' petition was filed in June 1956, and was in two counts. In the first count they alleged that they were the owners of the 22-foot strip east of their lot, and that appellants had erected a wall thereon which interfered with the access to their garage. They prayed that they be adjudged the owners in fee simple of the 22-foot strip; that appellants be required to remove the wall; that appellants be restrained and enjoined from entering upon the land of respondents; and that they recover damages. The second count is specifically stated to be "an alternative

count and is intended to be applicable only in the event the wall erected by [appellants] * * * is adjudged to be on [their] land." By this second count they sought an easement by prescription over a portion of the driveway of appellants for access to their garage; that appellants be required to move the wall from the area over which the easement is requested; that appellants be enjoined from obstructing the driveway; and that they recover damages. The trial court entered findings of fact and conclusions of law that respondents "are the owners of the north 37½ feet of Lot 2, Block 8, Ivanhoe Park * * * together with the strip of land adjoining on the east 22 feet in width," and that appellants "are the owners of Lot 6, * * * of Block 3, Aberdeen, * * *." It also found that respondents, and their predecessors in interest, had "for a period in excess of ten years used, without objections, said concrete driveway and that the use * * * had been open, continuous, visible, uninterrupted and adverse for said period and that as a result thereof [respondents] have an easement by prescription over said driveway." It then found that the use of the driveway "included the west 4½ feet of Lot 6, Mister's Resurvey of Block 3, Aberdeen, from 38th Street to a point 12 feet south of the north line of Lot 2, Block 8, Ivanhoe Park." The judgment entered by the court made no specific reference to Count I or to Count II, but decreed that "plaintiffs have an easement over the west 4½ feet of Lot 6, Mister's Resurvey of Block 3, Aberdeen, from 38th Street to a point 12 feet south of the north line of Lot 2, Block 8, Ivanhoe Park, which easement will continue in perpetuity and inure to the benefit of plaintiffs' administrators, successors and assigns." The judgment also directed the removal of that part of the wall and fence which encroached upon the easement and enjoined any future encroachment, and it also decreed that respondents recover $200 from appellants as damages.

We note that the above findings of fact and conclusions of law are in part inconsistent with themselves and with the judgment entered. The court specifically found that both appellants and respondents were the owners of the overlapping area. However, Count I was necessarily ruled in favor of appellants and Count II was ruled in favor of respondents, and this necessitates the conclusion that appellants were the owners of that part of the area of the 22-foot strip overlapped by their lot.

■ The record does not disclose that the findings of fact and conclusions of law were requested by either party pursuant to Civil Rule 73.01(b), V.A.M.R., but such voluntary findings and conclusions were not prohibited. Abeles v. Wurdack, Mo., 285 S.W.2d 544, 547. However, the appeal is from the judgment, and the findings of fact and conclusions of law are not binding on this court. Davis v. Ashlock, Mo., 338 S.W.2d 816. In this court-tried case the "appellate court shall review the case upon both the law and the evidence as in suits of an equitable nature." Civil Rule 73.01(d), V.A.M.R. In doing so we shall review the record de novo, determine the credibility, weight and value of the testimony and evidence, and arrive at our own conclusions of the facts based on the entire record. Pitts v. Garner, Mo., 321 S.W.2d 509; Barker v. Allen, Mo., 273 S.W.2d 191. As pointed out in Schlanger v. Simon, Mo., 339 S.W.2d 825, 828, this court performs these functions only in respect to the specific matters urged by appellants as constituting error. While we ordinarily give due deference to the trial court's opportunity to see and hear the witnesses and judge their credibility, there is little conflict in the testimony in this case, and the only occasion for deference is whether certain undisputed testimony or evidence should be believed at all. After making such appellate review, subject to the provisions of paragraphs (a) and (b) of Civil Rule 83.13, V.A.M.R., we shall "award a new trial or partial new trial, reverse or affirm the judgment or order of the trial court, or give such judgment as such court ought to have given, * * *."

■ There is no evidence that appellants are the owners of the 22-foot strip of land, and particularly that area overlapped by the description of appellants' Lot 6, either as a matter of record or by reason of adverse possession. Respondents show that title to this strip of land was reserved to A. J. King in 1887, but they make no showing whatever that record title was ever transferred to them. They do show that for the years 1957 and 1956 they paid taxes, and possibly they and their predecessors in title paid taxes from 1940, on land described as the "N 37.5 ft. Lot 2 Blk 8 also a 22 ft. strip E of & adj." While the payment of taxes is evidence of a claim of ownership, Woodside v. Durham, 317 Mo. 15, 295 S.W. 772, 53 A.L.R. 884, it does not alone constitute evidence of possession. Brown v. Evans, Mo., 182 S.W.2d 580; Conran v. Girvin, Mo., 341 S.W.2d 75, 91. The only evidence possibly bearing on adverse possession pertains to the issues under Count II showing a use for the purposes of establishing an easement, not title. We must necessarily hold that respondents failed in their proof of Count I of their petition, and that the finding by the trial court that respondents are the owners of the 22-foot strip, and particularly that part overlapped by appellants' lot, is not supported by the evidence. The judgment should affirmatively reflect a ruling in favor of appellants on Count I of the petition, and the judgment of the trial court is modified in this respect. This disposes of appellants' first point to the effect that the trial court "found in part on Count One and at the same time granted full relief as requested in [alternative] Count Two."

■ Appellants' second point is that the judgment, granting respondents an easement by prescription over appellants' land, was not supported by substantial evidence. In a case such as this we do not determine only whether substantial evidence exists,

although admittedly if it did not exist the granting of the easement could not be sustained, but we as the trier of the facts must determine whether or not an easement should be granted to respondents under all the facts and circumstances revealed by the record.

The easement granted by the trial court was over a strip of land 4½ feet wide and 12 feet long off the west side of appellants' lot, and after correcting a slight error subsequently mentioned, was limited to the overlapping area of appellants' Lot 6 and the 22-foot strip. Appellants claim to own all of their Lot 6, and on this appeal respondents urge that the judgment granting them an easement over a portion of the overlapping area be affirmed. This necessarily constitutes an admission by respondents that appellants own that area over which the easement was granted by the trial court. However, this is not a suit to quiet title, and this agreement between the parties as to the ownership of that area has no effect whatever on the claims of anyone else, either as to title or prescriptive rights in the 22-foot strip, and particularly as to that portion overlapped by appellants' lot. When we assume for purposes of this litigation, limited as it is to the rights only as between appellants and respondents, that appellants own the area of the 22-foot strip overlapped by their Lot 6 at least for a distance of 12 feet south of the north line of respondents' lot, the essential question for determination by this court is whether the evidence, when considered in its entirety, demonstrates that respondents have an easement over the designated land of appellants for purposes of access to their garage, that is, by " 'adverse user as of right openly and uninterruptedly (continuously) for more than 10 years.' " Jacobs v. Brewster, 354 Mo. 729, 190 S.W.2d 894, 896.

■ The evidence on the part of respondents, although somewhat skimpy, does show an open, continuous, visible and uninterrupted use of a part of the 22-foot strip which is overlapped by appellants' lot. Mr. Mueller testified that "every day" without objection he used appellants' driveway from September 1949 to December 1954 to drive his automobile to his garage. The trial court evidently believed this oral testimony. The only testimony which might be considered to be in some respects to the contrary was that of Mr. Larison. He testified that he never saw Mr. Mueller place his automobile in the garage. But Mr. Larison did not move into his house until November 1954, and admittedly Mr. Mueller did not use his garage after the post was placed in the driveway in December 1954. The only evidence of use prior to 1949 was in the form of interrogatories submitted by agreement to respondents' predecessor in title. While the answers are somewhat cryptic, they are not disputed, and we see no reason why they should not be accepted by us, as they were by the trial court, to show an open, continuous, visible and uninterrupted use from 1936 to 1949 of that portion of the driveway of appellants located in the strip of land over which the easement was granted by the trial court. There is no direct evidence that the use was adverse, as distinguished from permissive, but it is a reasonable inference. It has repeatedly been held that when one claims an easement by prescription and shows an open, continuous, visible, and uninterrupted use for the prescribed period, the burden is upon the landowner to present evidence to show that the use was permissible, rather than adverse, if he claims it to have been so. Fassold v. Schamburg, 350 Mo. 464, 166 S.W.2d 571; Jacobs v. Brewster, supra; Meyer v. Everett, Mo.App., 235 S.W. 2d 130; Smith v. Santarelli, Mo.App., 207 S.W.2d 543. There is no evidence that the use was permissible, and appellants do not make such contention on this appeal. We conclude that the evidence, when considered in its entirety, authorizes the conclusion that respondents have an easement by prescription for access to their garage

**10**

over a portion of that part of appellants' lot which constitutes the overlapping area into the 22-foot strip.

The above conclusion presents the next and last point in appellants' brief, which is that the court erred in subjecting the "particular land described in its judgment" to an easement in the absence of evidence "by which the same could be determined and set out with particularity." In the argument it is asserted that although the judgment creates a prescriptive right over a tract of land 4½ feet by 12 feet in the northwest corner of appellants' lot, "we have the peculiar situation of an area being subjected to an easement which is not described or measured in any way, either by the pleadings or in the evidence, and such judgment is based solely upon a measurement by [respondents'] counsel after the close of the case * *."

We cannot agree with this contention. Respondents asked for an easement over a greater area, but their proof, by reason of the answers of their predecessor in title, established no adverse use outside of the 22-foot strip. The evidence does establish the area of the overlap. The court granted the easement over that area of appellants' lot overlapping the 22-foot strip for a distance of 12 feet southward of the north line of respondents' lot, which obviously is not more than reasonably needed to maneuver an automobile into and out of respondents' garage.

We note that the area of the easement is described to be 4½ feet wide, and in view of the evidence that the overlap did not exceed 4.33 feet we assume that this was an oversight. Appellants do not challenge this discrepancy, but the judgment should be corrected to show that the easement does not extend into any part of appellants' lot which does not constitute part of the overlap into the 22-foot strip.

The judgment is modified to show a disposition of Count I of the petition in favor of appellants and to limit the width of the easement to the area of the 22-foot strip overlapped by appellants' lot, and as so modified it is affirmed. The cause is remanded to the trial court with directions to enter a new judgment according to the views herein expressed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.