Verlyn L. DICKEY and Dorothy M. Dickey, his wife, Plaintiffs-Appellants,

v.

Eldon L. LEACH et al., Defendants,

Thomas Stieren and Joan R. Stieren, Defendants-Respondents.

No. 34193.

Missouri Court of Appeals, St. Louis District.

May 23, 1972.

Hale W. Brown, Kirkwood, for plaintiffs-appellants.

Dearing, Richeson, Roberts & Wegmann, Nicholas G. Gasaway, Hillsboro, for defendants-respondents.

ROBERT LEE CAMPBELL, District Judge.

Plaintiffs are lot owners in a nine lot subdivision situated in Jefferson County known as Arrowhead Hills. Defendants Thomas and Joan R. Stieren are the owners of a 13.59 acre tract of land situated immediately north of Arrowhead Hills subdivision. Plaintiffs brought this suit in equity to enjoin the use by defendants Stieren and numerous other defendants of two platted private subdivision roads known as Arrow Head Court and Erie Drive. Judgment was in favor of defendants Stieren and plaintiffs appeal. We affirm.

Arrow Head Court runs generally north in the subdivision and then bends and runs generally east and dead ends at the east side of the subdivision. Lots 1 through 5 of the subdivision are located on the west side of Arrow Head Court. Lot 6 is located on the north side of Arrow Head Court after it bends to the east. Lots 7, 8 and 9 are located on the east side of Arrow Head Court. Erie Drive runs generally north from Arrow Head Court along the eastern edge of Lot 6 and dead ends at the northeastern corner of the subdivision.

In 1945, Theodore and Mary Rose Brunsmann acquired all of the 22 acres involved in this proceeding. The Brunsmanns caused to be surveyed and laid out the nine lot subdivision, Arrowhead Hills, out of a portion of the 22 acres. The transcript discloses that the plat was dated May 18, 1960, and recorded May 24, 1970 (evidently a typographical error). On May 1, 1961, prior to selling any lots in the subdivision, the Brunsmanns conveyed the 13.59 acre parcel north of the subdivision to Earl and Mary Hill. In the conveyance, the Brunsmanns conveyed an easement for road purposes to the Hills which connected the 13.59 acre parcel with the northern end of Erie Drive. Thereafter, the Brunsmanns (or Mrs. Brunsmann as surviving wife) conveyed the lots in Arrowhead Hills subdivision by separate conveyances to various persons, including plaintiffs. By two separate conveyances the Hills have conveyed to defendants Stieren the 13.59 acre parcel, including the easement for road purposes at the northern end of Erie Drive.

After this suit had been filed, Mary Rose Brunsmann, now known as Mary Rose Cunningham, conveyed to defendants Stieren a purported easement over, upon and along "Arrowhead Court" and "Erie Drive".

By agreement of the parties, the case was tried only between plaintiffs and defendants Stieren on an agreed statement of facts, together with an agreed statement of additional facts. The Order and Judgment of the Court found that defendants Stieren had a perpetual easement for ingress and

egress over Arrow Head Court and Erie Drive, "said easement having arose (sic) by implication or implied grant", denied plaintiffs relief by injunction or damages, and designated the judgment final for purposes of appeal.

■ Defendants Stieren first argue that plaintiffs' appeal should be dismissed because it preserves nothing for appellate review. Plaintiffs only allege that "the Court erred in entering a judgment against these appellants and for the respondents". This definitely does not comply with Supreme Court Rule 83.05(e), V.A.M.R., requiring appellants to briefly and concisely state why it is contended that the Court was wrong in the ruling sought to be reviewed. However, this Court cannot dismiss plaintiffs' appeal because the Supreme Court has held that in a court tried case, the issue on appeal is the propriety of the Court's decision on the whole record on points briefed. DeBow v. Higgins, Mo., 425 S.W.2d 135[2].

■ Plaintiffs contend that the purported easement over "Arrowhead Court" and "Erie Drive" conveyed to defendants Stieren by Mary Rose Brunsmann Cunningham after suit had been filed conveyed nothing, because Mary Rose Brunsmann Cunningham no longer had any interest in Arrowhead Hills subdivision to convey. With this we agree. Having sold all lots in the subdivision, she no longer had any right, title or interest in the private streets, and the instrument purportedly conveying an easement to defendants Stieren did not establish any right in them to use the private subdivision roads.

Plaintiffs rely entirely on the case of Winslow v. Sauerwein, Mo.App., 285 S.W. 2d 21, in insisting that they have an absolute right to an injunction against defendants Stieren. In that case, in a somewhat similar factual situation, we reversed the lower court and directed that an injunction issue enjoining defendants from using a private roadway in a subdivision. The crux of our decision, at l.c. 26, was that defendants did not "have an easement in the private street solely because their property abuts thereon".

The *Winslow* case is clearly distinguishable from the facts before us. In that case there was no common grantor, and an easement by implication was not involved. In this case the trial Court refused an injunction to plaintiffs on the express grounds that defendants Stieren had an easement by implication.

■ All of the prerequisites necessary to create an easement by implication are present in this case. They were set forth by this Court in Causey v. Williams, Mo. App., 398 S.W.2d 190, l.c. 197:

"It is also held (17A Am.Jur., Easements, § 52, pp. 660 and 661) that to create an easement by implication from pre-existing use there must be (1) unity and subsequent separation of title; (2) obvious benefit to the dominant estate and burden to the servient portion of the premises existing at the time of the conveyance; (3) use of the premises by the common owner in their altered condition long enough before the conveyance and under such circumstances as to show that the change was intended to be permanent; and (4) reasonable necessity for the easement."

In the facts before the Court, there is unity and subsequent separation of title. There is obvious benefit to the dominant estate and burden to the servient portion. The use of the premises by the common owner in their altered condition (and by the Hills) prior to the sale of the first lot in the subdivision should have been apparent to subsequent purchasers of lots in the subdivision. There is undoubtedly reasonable necessity for the easement because the evidence is conclusive that Arrow Head Court and Erie Drive are the only means of ingress and egress to and from the 13.59 acre parcel situated behind Arrowhead Hills subdivision.

In the *Causey* case, l.c. 197, 198, we further stated:

"The significant factor in determining whether such an easement by implication exists is to ascertain the intention of the parties as shown by the deeds of conveyance and the general circumstances and situation with reference to the acquisition of the properties from the owner of the unity of title. The idea underlying the creation of such an easement is that the parties are presumed to have intended the grant of an easement by implication. Such a presumption can only be based on facts and this requires a resort to the record evidence. This intention to create an easement by implication must clearly appear in the evidence."

We look to the situation as it existed at the time the easement by implication was alleged to have been created. The Brunsmanns owned the entire 22 acres at the time of platting Arrowhead Hills subdivision. The plat is in and of itself some evidence of their intention to create an easement by implication. As platted, Erie Drive is not necessary for the use of any of the nine lots in the subdivision; all nine of the lots front on Arrow Head Court. Erie Drive runs from Arrow Head Court alongside Lot 6 and dead ends at the northeastern corner of the subdivision, next to the 13.59 acre parcel later conveyed to the Hills. It can be readily inferred from the plat alone that the sole purpose in so platting Erie Drive was for its use as a means of ingress and egress to the remainder of defendants' property. More important, at the time of the conveyance to the Hills, the Brunsmanns conveyed an easement for road purposes between Erie Drive and the 13.59 acre parcel lying north of Arrowhead Hills subdivision. At that time the Brunsmanns still owned all nine of the subdivision lots. It was necessary for them and for the Hills to use Arrow Head Court and Erie Drive as a means of ingress and egress to the 13.59 acre parcel. The intention of the parties to create an easement by implication over Arrow Head Court and

Erie Drive is thus clearly shown by the deeds of conveyance and the general circumstances and situation at the time of the deed to the Hills.

Since defendants Stieren are the successors in record title to the Hills, the trial Court was correct in denying relief to plaintiffs for the reason that defendants Stieren have an easement by implication or implied grant. The judgment is affirmed.

DOWD, Acting P. J., and VERNON W. MEYER, Special Judge, concur.