Irven J. MEINHARDT and Mabel M. Meinhardt, his wife, and Carl Fisk, Sr., and Betty J. Fisk, his wife, Plaintiffs-Appellants,

v.

Robert LUADERS and Mrs. Robert Luaders, Defendants-Respondents.

No. 38319.

Missouri Court of Appeals, St. Louis District, Division One.

Oct. 24, 1978.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 15, 1978.

Lawrence J. Fleming, St. Louis, for plaintiffs-appellants.

David P. Senkel, James E. Bowles, Thurman, Nixon, Smith, Howald, Weber & Bowles, Hillsboro, for defendants-respondents.

CRIST, Judge.

Easement case. This litigation involves plaintiffs Meinhardts' and Fisks' right to travel over a 30 foot section of a private driveway extending over defendants' land in order to reach a public roadway. The trial court heard the evidence and denied plaintiffs' request to enjoin defendants' interference with such use and sustained defendants' counterclaim for quiet title. The court's judgment specifically found that "no easement by prescription or implication exists on behalf of these plaintiffs in said driveway." We affirm.

The property in question was owned as an entirety by the Weicherts prior to 1958. They had one entrance leading onto the adjoining county highway which was connected to their farmhouse by a dirt road. In that year they conveyed 6 of their 60 acres to the Meinhardts. The Meinhardts conveyed part of their property to the Fisks in 1961. Plaintiffs and their tenants use the Weicherts' highway entrance and a section of dirt road (about 30 feet altogether) to reach an adjoining road leading across their own property. In 1968 the Weicherts conveyed the remainder of their farm (54 acres), including their house and the section of dirt road which plaintiffs had been using, to the defendants. The defendants subsequently took steps to block plaintiffs' use of the entrance and road on their property.

■ To obtain an easement by prescription, plaintiffs had the burden to establish an adverse use for ten years under a claim of right with notice to the owner of the character of the claim. *George v. Dickinson*, 504 S.W.2d 658, 662–663 (Mo.App.1974). On the facts of this case we need only discuss the element of adversity.

■ An adverse use of another's land has been defined as a use not made in subordination to the owner. *Dalton v. Johnson*, 320 S.W.2d 569, 573 (Mo.1959). An adverse user does not recognize in the owner of the servient estate an authority either to permit or prevent the continued exercise of the use. A key factor in determining adversity

is the nature of the use at its inception. "[A] use which is permissive in its origin remains permissive until a 'distinct and positive assertion of a right hostile to the owner' is 'brought home to him.'" *Fassold v. Schamburg*, 350 Mo. 464, 166 S.W.2d 571, 572 (1942); *see also McIlroy v. Hamilton*, 539 S.W.2d 669, 674 (Mo.App.1976); *McDougall v. Castelli*, 501 S.W.2d 855, 858 (Mo.App.1973).

On the record presented here we conclude there is sufficient evidence to support a finding that plaintiffs' use of the driveway was permissive and not adverse. In a court-tried case we will uphold the judgment unless it is not supported by substantial evidence, or is against the clear weight of the evidence, or erroneously declares or applies the law. With regard to issues turning on the credibility of a witness, an appellate court defers to the superior position of the trial court to make such judgment. *Cook v. Lodes*, 560 S.W.2d 64, 65 (Mo.App.1977).

The issue of the Meinhardts' understanding as to the nature of their use of the driveway at the time they purchased the property from the Weicherts reduces to an issue of credibility. Plaintiff, Irven Meinhardt, testified that, while nothing was said about an easement, "[i]t was just an established road and it was used by all of us." He stated that the only discussion he had with Mr. Weichert (deceased at time of trial) was on widening the entrance to the drive and installing a culvert.[1] Mrs. Weichert testified to the contrary. She stated that when she and her husband sold Meinhardts the property the understanding was they they did have an easement to perma-

nently use the road, and that the reason they let them continue to use the driveway was "because he always said he was going to build his own driveway [on his own property]." At one time she heard plaintiff, Irven Meinhardt, tell her husband that he intended to put in his own road. A use which was permissive as to the Meinhardts could also be found to be permissive as to the Fisks. The evidence was sufficient to support the denial of a prescriptive easement.

Plaintiffs seek to establish an easement by implication on the basis of pre-existing use arising from the severance of adjoining properties by a common owner.[2] The significant factor in determining whether such an easement by implication exists is the "intention of the parties as shown by the deeds of conveyance and the general circumstances and situation with reference to the acquisition of the properties from the owner of the unity of title." *Causey v. Williams*, 398 S.W.2d 190, 197–198 (Mo.App.1965). The record must be such that the court may presume a clear intent of the parties to create an easement. The time at which the intention of the parties is relevant is the time of conveyance from the common owner to the party asserting the easement.

There was sufficient evidence from which the court could conclude that the Weicherts and Meinhardts did not intend to create a permanent easement over what is now defendants' property. At the time of the conveyance in 1958 the Weicherts sold to Meinhardts only 6 acres of their 60 acre farm. The 6 acres, however, has almost 700

---

1. The Meinhardts did purchase and, with Mr. Weichert, install a culvert at the entrance to the drive. They cite this to establish that "the use was intended to be of a permanent nature." That act is not conclusive on the nature of the plaintiffs' use of the property, nor does it contradict other testimony that this use of the property was permissive. Mrs. Weichert's testimony indicated that the culvert helped to prevent the county road from washing out, and thus would have been beneficial to plaintiffs even had they subsequently built their own driveway.

2. The parties agreed that the elements of such an easement are (1) unity and subsequent separation of title; (2) obvious benefit to the dominant estate and burden to the servient estate existing at the time of conveyance; (3) use of the premises by the common owner in their altered condition long enough before the conveyance and under such circumstances as to show the change was intended to be permanent; and (4) reasonable necessity for the easement. *Dickey v. Leach*, 481 S.W.2d 524, 526 (Mo.App.1972).

feet of frontage on the county road while the frontage on the remaining 54 acres is less than 50 feet. The parties concede that it would be possible to construct an entrance onto the county road from the Meinhardts' property. The court could further find that a 6 acre tract was unimproved at the time of the conveyance and that it was contemplated that Meinhardts would initiate some residential development on the new tract. It would be reasonable to believe that this development would include construction of a separate entrance onto the county road. The Meinhardts knew at the time of purchase that the entrance onto the county road was on land they did not own, and that the deed to their property did not mention the grant of any right on the Weichert property. Mrs. Wiechert testified that the farm had always had a "dirt road" that extended from her property into the area the plaintiffs now own. Accordingly, it could be concluded that this road had not been in regular use as a driveway for vehicles entering and leaving the county road, but rather was used as an occasional means of access to a remote part of the farm. All of this supports the testimony of Mrs. Weichert that at the time of the sale the understanding was that Meinhardt could use the driveway entrance "until he would build his own road."

■ The law does not favor the implication of easements in view of the restriction it places on the free use of land. Such an easement must be established by clear, cogent and convincing evidence. We conclude that the evidence presented supports the judgment of the trial court. *See Pendleton v. Gundaker*, 381 S.W.2d 849, 851–852 (Mo. 1964).

The judgment is affirmed.

CLEMENS, P. J., and SMITH, J., concur.