Jacquelyn HARMON, Leota Mae Beutler, Wilma June Kaufman, Billy L. Gann and Linda K. Gann, Plaintiffs–Respondents,

v.

Lucy HAMILTON, John P. Hamilton, Charles E. Cook and Roberta A. Cook, Defendants–Appellants.

No. 19679.

Missouri Court of Appeals, Southern District, Division Two.

July 19, 1995.

James H. Arneson, Miller & Sanford, P.C., Springfield, for defendants-appellants.

John D. Compton, Springfield, for plaintiffs-respondents.

GARRISON, Presiding Judge.

Respondents filed suit seeking a prescriptive easement for a road across land owned by Appellants. The issue of whether they

were entitled to an easement was submitted to a jury. Following a verdict in their favor, the trial court first entered an interlocutory judgment and then a final judgment. Appellants appeal, claiming that the trial court erred (1) in overruling their motion for a directed verdict at the close of all the evidence and their motion for judgment notwithstanding the verdict because Respondents failed to make a submissible case; (2) in entering its judgment because it was not in accordance with the jury verdict in that it made findings of fact which were not submitted to or found by the jury; and (3) in overruling their motion for mistrial because of a witness's reference to an attempt to settle the dispute. We affirm.

Appellants Hamilton own property in Greene County, Missouri which joins the south side of property owned by Appellants Cook. The disputed road runs from a county road on the west of their properties in an easterly direction generally along their common property line. The road leads to a tract of land belonging to Respondents Gann which is located east of the Cooks' property. The other Respondents own property east of the Gann tract and are apparently also served by the road in question.

In 1948 Orin Putman and his wife acquired the land which includes the tracts now owned by Respondents. At that time Paul Hamilton[1] and Appellant Lucy Hamilton already owned their tract, and the tract now owned by Appellants Cook was under different ownership. There was evidence that Orin Putman farmed his land and also operated a sawmill on it, using the road in question for ingress and egress from 1948 when he acquired the property until his death in 1962. Following Mr. Putman's death, members of his family and others with their permission used the road to get to the property for occasional recreational purposes until it was chained off by Appellants sometime in the fall of 1992 shortly after the Ganns purchased their tract.

The road itself was a dirt road which the evidence indicated was defined by wire

fences running parallel to the road on either side. Several witnesses testified that the fences were 25 to 30 feet apart. The wire fence on the north was partially replaced with a decorative wooden fence sometime prior to 1992.

■ In their first point, Appellants contend that the trial court erred in overruling their motion for a directed verdict at the close of all the evidence and their motion for a judgment notwithstanding the verdict because Respondents failed to make a submissible case on the issue of a prescriptive easement.

■ In considering whether a party made a submissible case, an appellate court considers the evidence in the light most favorable to that party, giving him the benefit of all inferences that may reasonably be drawn from the evidence. *Plunk v. Hedrick Concrete Products Corp.*, 870 S.W.2d 942, 943 (Mo.App.S.D.1994). It is the jury's function, however, to resolve matters of credibility and to determine the weight and value to be given to a witness's testimony. *Sparks v. Platte–Clay Elec. Co–Op., Inc.*, 861 S.W.2d 604, 608 (Mo.App.W.D.1993).

■ The elements for the establishment of a prescriptive easement have been described as follows:

To establish a prescriptive easement, it is necessary to show use that has been continuous, uninterrupted, visible and adverse for a period of ten years. [Citations omitted.] To be adverse the use does not need to be under a belief or claim of right that is legally justified. [Citation omitted.] All that is required for the use to be adverse is non-recognition of the owner's authority to permit or prohibit the continued use of the land. [Citation omitted.] For use to be continuous it is not necessary that it be constant. What is necessary, however, is that there be no break in the essential attitude of the mind required for adverse use. [Citation omitted.] Whether the use of the land establishes a prescriptive easement is a fact question to

1. Paul Hamilton is now deceased. Appellant John Hamilton is the son of Paul and Appellant Lucy Hamilton.

be inferred from the circumstances and the nature and character of the use. [Citation omitted.]

*Whittom v. Alexander–Richardson,* 851 S.W.2d 504, 508 (Mo. banc 1993). *See also White v. Ruth R. Millington Living Trust,* 785 S.W.2d 782, 784–785 (Mo.App.S.D.1990). The existence of a prescriptive easement must be proven by clear and convincing evidence. *Moss v. Ward,* 881 S.W.2d 238, 241 (Mo.App.S.D.1994).

Appellants argue that the element of adverse use is lacking in the instant case. They acknowledge that long and continued use creates a presumption that it was adverse and casts on the landowner the burden of showing that it was permissive. *Homan v. Hutchison,* 817 S.W.2d 944, 948 (Mo.App. W.D.1991). In the instant case there was evidence that the road was used by Respondents and their predecessors from at least 1948 until 1992 as the exclusive means of reaching the "Putman property"; it was used openly with the belief and understanding that it was their road; and it was used whenever there was a need to get to the property. This constituted evidence of a continuous and uninterrupted use of the road for the prescriptive period which in turn supports the presumption that the use was adverse.

Appellants point out, however, that the presumption disappears when there is evidence of permission. *Id.; Bridle Trail Assoc. v. O'Shanick,* 290 S.W.2d 401, 406 (Mo. App.E.D.1956). They also note that where the use originates with permission, it remains permissive unless and until there is a positive assertion of a right hostile to that of the owner which is made known to him. *Homan v. Hutchison,* 817 S.W.2d at 948; *Meinhardt v. Luaders,* 575 S.W.2d 213, 215 (Mo.App. E.D.1978). In this case they contend that the presumption does not apply because there was evidence that use of the road commenced with permission granted to Orin Putman and there was no evidence of a positive assertion of a hostile or adverse use.

Appellants refer to evidence of conversations between Orin Putman and Paul Hamilton. According to John Hamilton, his father and Orin Putman had "a gentlemen's agreement that Mr. Putman would have permission to go to and from his property for one purpose and one purpose only, and that was for agricultural use." He later testified on cross-examination that he did not remember the exact words used but this was the essence of the conversation. Appellant Lucy Hamilton also testified that her husband had given Mr. Putman permission to use the road and that Mr. Putman never said he was claiming a right to an easement.

Evidence was presented by Respondents, however, that there was no indication that permission was ever sought or received to use the road, that they and their predecessors had used the road as the only means of access to their properties since 1948, they had always used the road when they desired, and they always believed the road was theirs to use as they pleased. There was also evidence that one of the Appellants had referred to the road as "your [Respondents'] road."

■ The matter of whether use was with permission is a matter involving the credibility of witnesses which should be resolved by the trier of fact. *Bryant v. Price,* 893 S.W.2d 856, 860 (Mo.App.S.D.1995). The jury, as the trier of fact, was free to believe or disbelieve all, part or none of the testimony, even if it was unimpeached or uncontradicted. *Russell v. Farmers & Merchants Ins. Co.,* 834 S.W.2d 209, 219 (Mo.App.S.D. 1992); *Lear v. Norfolk and Western Ry. Co.,* 815 S.W.2d 12, 14 (Mo.App.W.D.1991). They were not, therefore, required to believe Appellants' evidence of permissive use.

■ Testimony of permissive use that is not believed does not cause the inference or presumption of adverse use to vanish. *Gault v. Bahm,* 826 S.W.2d 875, 883 (Mo.App.S.D. 1992); *Meyer v. Pierce,* 753 S.W.2d 79, 80 (Mo.App.E.D.1988). The jury obviously concluded that the use of the road had been adverse and rejected Appellants' argument that it commenced with permission. "The jury's determinations as to the weight of the evidence, the credibility of the witnesses and the resolution of conflicts in the testimony are not to be disturbed on appeal." *Sparks*

*v. Platte–Clay Elec. Co–Op., Inc.*, 861 S.W.2d at 608.

Appellants also contend that Respondents' case failed to include evidence satisfying the element that the use of the road be under a claim of right. To the contrary, there was evidence that Orin Putman and his son occasionally spread gravel in low places on the road; his son placed a chain across the entrance of the road for approximately six months; and one of Orin Putman's daughters once placed a rope across the road with a "no trespassing" sign to keep people from going back to their property or parking on the road. Additionally, the evidence indicated that the road was always defined by fences on either side. The fence on the north side of the road had been torn out by Mr. McCurry, a former owner of that property, and replaced with a wooden rail fence which he placed even further onto his property than the prior wire fence had been located. Mr. McCurry also built a pond adjacent to the road and, when it leaked onto the road, spread gravel in that area although the evidence indicated that the road was never used by the McCurrys. All of this indicates that the road was being used under a claim of right as well as an acknowledgment of that fact.

We are, therefore, unable to conclude that Respondents failed to make a submissible case for the reasons specified by Appellants in this point. Their first point is, therefore, denied.

■ In their second point, Appellants contend that the trial court erred in entering the interlocutory judgment as well as the final judgment because the court made findings of fact that were not included in the jury verdict. They argue that the jury verdict merely determined that Respondents were entitled to a prescriptive easement to "the road" but the trial court went further in its judgment entries.

The issue of whether Respondents were entitled to a prescriptive easement was submitted to the jury. The unanimous verdict read: "On the claim of plaintiffs [Respondents] for a prescriptive easement to the road over the lands of defendants [Appellants], we, the undersigned jurors, find in favor of [Respondents]." Appellants complain, however, that following that verdict the trial court entered an interlocutory judgment which incorporated the jury verdict and also found that: since 1948 Respondents and their predecessors had used the road which was "approximately thirty (30) feet wide" with the center being on about the quarter section line and defined by a wire fence on the south and a wooden fence on the north; Respondents and their predecessors had used the road as their only means of ingress and egress; and Appellants had obstructed the road. It entered an interlocutory judgment in favor of Respondents, granting them a prescriptive easement for the unimpaired use of the road and, since no legal description of the road was presented to the court, it ordered Respondents and authorized Appellants to submit certified surveys of the road within 15 days. The judgment further provided that in the event of a disagreement as to the legal description of the road, the court would set a hearing to ascertain the description of the road to which Respondents had acquired a prescriptive easement. The judgment also permanently enjoined Appellants from denying Respondents the right to use the road for the purpose of unrestricted ingress and egress.

Respondents filed a certified survey of the road but Appellants did not. The record before us does not indicate any dispute concerning the accuracy of the survey filed by Respondents. The trial court then entered a judgment making the interlocutory portions of the earlier judgment final, declaring Respondents vested with a perpetual easement for ingress and egress over the road described by metes and bounds, and permanently restraining Appellants from denying Respondents the right to use the road for the unrestricted purpose of ingress and egress, including an injunction against gates, fences, chains, or other forms of barricades.

■ In *Huter v. Birk*, 510 S.W.2d 177 (Mo.1974), plaintiffs sought a prescriptive easement for a road across defendants' property and injunctive relief against interference with the use of the road. The right of the plaintiffs to a prescriptive easement was sub-

mitted to a jury which found in their favor. Thereafter, the trial court entered a judgment which described the easement. Defendants complained, as do the Appellants in the instant case, that the only judgment the trial court could enter was one reciting the verdict of the jury. The court in *Huter* said:

> Since the office of a judgment is to record the court's determination of the controversy submitted to it [citation omitted], it is obvious that in a case such as this, where the issue submitted related to the rights of one party in and to lands of the other, the judgment must do more than simply recite the general verdict of the jury.

*Id.* at 182. The same reasoning applies in the instant case. The trial court was required to describe the road with some particularity. There was no dispute in the evidence about the general location of the road. All witnesses described it as being bounded by the fences on either side and traversing generally along the common boundary between the properties of Appellants. The real issue was whether Respondents were entitled to a prescriptive easement, not the location of the roadway. The trial court has the inherent authority to order a survey to enable it to describe, with certainty, an easement which has been found to exist. *See Peterson v. Medlock*, 884 S.W.2d 679, 683–684 (Mo.App. S.D.1994). Appellants' second point is denied.

█ In their final point, Appellants contend that the trial court erred in overruling their motion for a mistrial when one of the Respondents "made reference to attempts to settle this dispute prior to trial." They argue that the following, which occurred during the testimony of Respondent Leota Beutler, required that a mistrial be declared:

Q. Did you and Lucy Hamilton ever talk about your use of the road?

A. Yes, my husband and I went to see her in the early—or late summer of '92, after the chain had gone up. We went in and visited with her and Robert one Sunday afternoon and asked them if there was any way that—that we didn't understand why they didn't want use the lane, [sic] and that we needed access to our property,

and was there any way we could, you know, find out what was wrong and settle it so we wouldn't have to go to court.

Appellants contend that this testimony was prejudicial because it made them appear to be unreasonable. They concede, however, that at their request the jury was instructed to disregard these comments, but argue that their additional request for a mistrial should have been sustained.

█ It is true that the general rule is that settlement offers are inadmissible because of the policy of the law favoring the settlement of disputes. *J.A. Tobin Const. v. State Hwy. Com'n,* 697 S.W.2d 183, 186 (Mo. App.W.D.1985). The trial court, however, has considerable discretion in controlling the examination of witnesses. *Frisella v. Reserve Life Ins. Co. of Dallas,* 583 S.W.2d 728, 734 (Mo.App.E.D.1979). It also has discretion concerning the sufficiency of corrective action taken with regard to the testimony of a witness. *Joseph v. Elam,* 709 S.W.2d 517, 524 (Mo.App.E.D.1986). In particular, the granting or denial of the drastic remedy of a mistrial is a matter within the sound discretion of the trial court and our review is limited to whether that discretion has been abused. *Trageser v. St. Joseph Health Center,* 887 S.W.2d 635, 638 (Mo.App.W.D.1994). Mistrials are reserved for situations in which the error is so grievous that the prejudice cannot be removed any other way. *McDaniels v. Ehrhard,* 877 S.W.2d 688, 690 (Mo. App.E.D.1994).

In the instant case, we find no abuse of discretion in the overruling of the motion for mistrial under these circumstances. The trial court sustained the objection and instructed the jury to disregard the testimony. Although Appellants requested a mistrial which was denied, they did not at that time claim that the corrective action taken by the trial court was insufficient. *See Joseph v. Elam,* 709 S.W.2d at 524.

Additionally, there is no indication in this record that the incident in question materially affected the merits of this action, a matter which we properly consider. *Coffman v. Faulkner,* 591 S.W.2d 23, 26 (Mo.App.E.D. 1979). In fact, the indication that Respon-

dents were desirous of discussing settlement could be construed as an indication of their awareness that they did not have a right to a prescriptive easement and thus could have been beneficial to Appellants. *See Frisella v. Reserve Life Ins. Co. of Dallas,* 583 S.W.2d at 734. Finding no abuse of discretion in the denial of a mistrial under these circumstances, Appellants' third point is denied.

Judgment affirmed.

CROW, and PARRISH, JJ., concur.